[Civ. No. 18967.   First Dist., Div. One.   June 16, 1960.]

ANDREW LYONS, Respondent, v. ELNORA SCOTT et al., Appellants.

J. Elwood Andresen for Appellants.

Smith, Parrish, Paduck & Clancy for Respondent.

PAULSEN, J. pro tem.*—Respondent brought this action to have it determined that he was not the father of Andrew Scott, born June 18, 1951, Charles Scott, born October 25, 1954, and Merlinda Scott, born February 9, 1956. From a

*Assigned by Chairman of Judicial Council.

judgment in favor of respondent the children, and their mother, Elnora Scott, prosecute this appeal.

Respondent and Bessie Lyons were married in 1929 and ever since have lived together as husband and wife. They had three children, the last of whom was born in 1936.

In 1938 respondent injured his testicles in an accident. Thereafter he and Bessie had no children but continued to have normal sexual relations.

Respondent first met Elnora Scott in October, 1950, when her husband and respondent's son went to Missouri. A week later respondent and Elnora commenced to have sexual relations and continued to do so until January, 1958. During that period the minor appellants were born.

Prior to the birth of Merlinda in 1956, respondent made payments of $10 a week to Elnora through the Probation Department for Andrew and Charles, and following the birth of Merlinda paid the sum of $15 a week. He admitted paternity to a representative of the district attorney's office and to a social worker. He testified that he made these admissions and payments to keep his wife from finding out about the affair. He also admitted that he had claimed exemptions, because of the children, in his income tax return.

Respondent's physician testified that he had examined respondent's testicles in December, 1953, and they were atrophied; that he made another examination in July, 1958, and found that the right testicle was approximately one-third the normal size, and the left one was essentially absent. He further testified that a sperm analysis made in July, 1958, showed a complete absence of live sperm. Based on his findings and the history of the case he expressed the opinion that respondent had been sterile since 1938 and, in any event, was sterile at the time of the examination in 1953.

In July, 1958, blood tests were made of the three children, their mother, Elnora, and of respondent. George L. Loquvam, M.D., testified that as a result of the blood groupings it was impossible for respondent to be the father of Andrew born in 1951, and that the tests were inconclusive as to the other children. Dr. Loquvam was not appointed by the court to make the tests as provided in section 1980.3 et seq., of the Code of Civil Procedure; therefore they are not conclusive.

Appellants cite numerous cases holding that admissions of paternity should be given great weight but none which holds that they are conclusive. No questions of law have been presented by this appeal.

The court stated that it did not believe the testimony of Elnora Scott. The fact that no children were born to respondent and his wife after his accident, the testimony of the doctors as to respondent's physical condition, the findings as to sterility, and the result of the blood tests, provide ample support for the findings.

It is elementary that conflicting evidence is to be resolved by the trier of fact and that an appellate court cannot reweigh it.

The judgment is affirmed.

Bray, P. J., and Tobriner, J., concurred.