WIGGINTON, Chief Judge.
Plaintiff has brought this interlocutory appeal from an order granting defendant’s motion for summary decree. The principal thrust of appellant’s position is that from the pleadings, deposition and affidavits on file in the cause there is created a genuine issue of a material fact relating to the question of whether defendant is the father of plaintiff’s newly born child. Appellant therefore contends that the chancellor erred in disposing of this issue on motion for summary decree, thereby depriving her of the right to a trial by jury as permitted by statute.[1]
The action is one in bastardy by which plaintiff alleges that defendant is the father of a girl child born to plaintiff on February 8, 1960. The evidence contained in the record, and the reasonable inferences arising therefrom when construed in a light most favorable to plaintiff, reveals the following picture. Plaintiff, an unmarried minor female, kept company with defendant during the months of May and the first half of June, 1959. During this period she denied that she was ever in the company of any other man. It was during this time that she had sexual relations with defendant as a direct result of which she became pregnant on or before June 9, 1959. She gave birth to a child the early part of February, 1960. It is on the basis of these facts that she asserts without equivocation that defendant is the father of her child born out of wedlock. We pause here to observe that the foregoing evidence, corroborated as it is by other evidence in the record, standing alone would be sufficient to justify a verdict in plaintiff’s favor.
In support of his motion for summary judgment defendant points to the evidence in the record on which he relies to disprove plaintiff’s contention that he is the father of her child. Defendant’s evidence, as established by depositions and affidavits submitted by him, shows that on October 10, 1958, some six months prior to his intimate contacts with plaintiff, he underwent an operation described as a vasectomy which consisted of severing and removing sections of *224 the vasal deferentia bilaterally. The affidavits submitted by defendant’s medical experts are to the effect that as a result of the operation defendant was rendered sterile and unable to procreate. It is noted that each of defendant’s medical experts admitted in their depositions that there have been cases reported in medical journals wherein men were known to have more than one right or left vas deferens, in which cases the removal of only one right and left vas deferens would not render the patient sterile. Sperm analysis tests of specimens taken from defendant made one month after his operation, and again after plaintiff’s child was born, revealed a complete absence of spermatozoa. Defendant filed an affidavit by a qualified pathologist who testified that on July 3, 1960, he examined defendant and that in his opinion the scars resulting from defendant’s operation were at least two years old. Another pathologist who testified for defendant stated on his deposition that it is virtually impossible to determine the age of a scar after six weeks following the operation. The testimony of the first pathologist was adduced for the apparent purpose of corroborating the testimony of defendant’s surgeon that the operation took place on October 10, 1958. In view of its conflict with the testimony of the second pathologist, its probative force is of doubtful value. It was on the basis of the proof submitted by defendant that the chancellor found there was no genuine issue of fact relating to defendant’s paternity of plaintiff’s child, as a consequence of which the motion for summary decree was granted.
In essence, the material fact on which the chancellor found there was no genuine issue relates solely to defendant’s sterility at the time plaintiff claimed she became pregnant as a direct result of sexual relations with defendant. The import of the evidence offered by defendant’s medical experts is that during the critical period in question defendant was sterile and unable to procreate, and they have their records of the operation and sperm analysis tests to prove it. On the other hand, the import of plaintiff’s evidence is that during the same critical period defendant was not sterile, and she has a newborn baby girl to prove it. Unquestionably the evidence as to defendant’s sterility was in direct conflict, and there was created thereby a genuine issue of fact unless it can be held as a matter of law that defendant’s medical proof on this point is conclusive and irrebuttable by lay testimony. Our research fails to reveal any decision of an appellate court, and none has been cited us by either of the parties to this appeal, which holds that uncontradicted medical proof as to one’s sterility is conclusively binding on the trier of facts, and be irrebuttable by lay evidence to the contrary.
Our research has disclosed only one case which deals with the specific question now under consideration.[2] This was a bastardy proceeding brought in the Children’s Court of Westchester County, New York, in which the complainant claimed that defendant was the putative father of her child. She testified that she had sexual relations with defendant during the period of time in which conception of the child occurred. Defendant introduced in evidence the statement of a qualified medical expert of a sperm analysis test made by him of a specimen taken from defendant in which the expert testified that from the test he was of the opinion that the specimen would not be adequate to impregnate. In considering the weight of this evidence the court held that the medical proof as to defendant’s sterility was not conclusive, although it was important evidence to be considered along with all other evidence in the case in determining the question at issue. This decision was subsequently affirmed by the appellate division of the Supreme Court of New York.[3] Other decisions dealing generally with this sub *225 ject also seem to indicate that proof of sterility, adduced either by lay witnesses or medical experts, shall he considered by the trier of facts as any other evidence, and if believed, is sufficient to support a finding based thereon.[4]
In Crovella [5] plaintiff wife sued the defendant medical doctor for damages resulting from his negligence in failing to properly diagnose and treat her for an alleged pregnancy. On motion for summary judgment plaintiff’s proof showed that she knew she was pregnant and so advised defendant at the time she consulted him for advice. Defendant made an examination of plaintiff, and as a result of this and several tests, advised her that she was not pregnant but could return to her normal work schedule. In reliance on defendant’s diagnosis and prescribed treatment, plaintiff returned to work and shortly thereafter suffered a miscarriage. Defendant’s medical proof supported his position that he had correctly diagnosed plaintiff’s condition as one of non-pregnancy, and also that he followed accepted means and methods of the medical profession in his diagnosis and treatment of plaintiff. On appeal from a summary judgment for defendant this court held that plaintiff’s testimony to the effect that she was pregnant at the time she consulted defendant was sufficient as against the medical testimony of non-pregnancy submitted by defendant to create a genuine issue on this material fact. The resolution of this issue, however, was not determinative of the action. The primary issue in this case was whether defendant was negligent in properly diagnosing and treating plaintiff’s condition. Assuming an erroneous diagnosis by defendant, the medical proof showed that in making his diagnosis and prescribing treatment defendant followed accepted means and methods of the medical profession. Since there was no medical proof to the contrary, we affirmed the summary judgment on the recognized rule of law that testimony of one who is qualified in the field of medical knowledge must be adduced to inform jurors of the proper procedure of diagnosing and treating a particular case. Only by means of competent medical proof could plaintiff have shown that defendant had not followed accepted means and methods of the medical profession in his diagnosis and treatment of her condition. Without such proof plaintiff could not have established the negligence which she was required to prove in order to prevail. Since the evidence revealed no genuine issue on this material fact, we held that the trial court was correct in granting summary judgment in defendant’s favor.
Analogizing the facts and rule of law in Crovella with the facts present in this case, we find medical proof adduced by defendant tending to establish the fact of his sterility. In opposition we find lay testimony adduced by plaintiff from which a reasonable inference could be drawn that defendant was not sterile at the time plaintiff became pregnant. Plaintiff’s condition of pregnancy which she testified resulted directly and exclusively from sexual relations with defendant was open to ordinary observation by persons of common experience, and was conclusively established by the subsequent birth of her child. We are of the opinion that plaintiff’s proof as to defendant’s ability to procreate during the critical time in question was sufficient to create a genuine issue of fact even though opposed by expert medical proof to the contrary.
Even should it be conceded for the purpose of discussion that the medical evidence adduced by the defendant as to his sterility is conclusive and binding on the trier of facts, such conclusion would not *226 necessarily be determinative of the issue as to defendant’s paternity of plaintiff’s child. The fact that defendant underwent an operation which resulted in his complete sterility will not justify a summary judgment in his favor unless the proof also showed without dispute that the operation in question was performed prior to the time plaintiff became pregnant. The date of the operation is therefore of paramount importance in the final disposition of this issue. The date of a given act is not a fact which must necessarily be established by medical proof, but may be proved by lay testimony as well. Defendant’s proof on this point as testified to by his witnesses is that the operation was performed on October 10, 1958, more than six months prior to his acquaintanceship with plaintiff. If this date is accepted as true, then the medical evidence is to the effect that defendant was sterile and unable to procreate at the time plaintiff became pregnant. In opposition to defendant’s proof relating to the date of his operation, plaintiff testified that during May and early June 1959, she had sexual relations only with defendant which resulted in her becoming pregnant. In passing upon a motion for summary judgment, the facts adduced by the non-moving party must be taken as true. Assuming that plaintiff’s testimony is true, the trier of facts would be justified in inferring therefrom that defendant’s operation, if performed at all, was on a date subsequent to the time plaintiff became pregnant, and that the proof adduced by defendant as to the date of his operation was unworthy of belief.. On such a finding the jury would be justified in concluding that defendant was the father of plaintiff’s child, even though it believed that subsequent to conception he underwent an operation which resulted in his sterility.
Our. view of the posture which this case occupied at the time the motion for summary judgment was granted is best exemplified by the opening sentence in the argument section of appellee’s brief, wherein he says: “The overwhelming evidence before the court unequivocally established that a bilateral vasectomy was performed upon the body of the defendant on the 10th day of October 1958; that as a result of the operation, the defendant was rendered sterile and that three tests thereafter confirmed the defendant’s sterility.” The conclusion is inescapable that the chancellor agreed with appellee’s contention as to the overwhelming weight of the evidence, and because of this he rationalized that there existed no genuine issue as to any material fact and therefore defendant was entitled to a decree as a matter of law. We point out, however, that in considering a motion for summary judgment or decree, the trial court is not privileged to consider either the weight of conflicting evidence or the credibility of the witnesses in determining whether there exists a genuine issue of a material fact. This prerogative lies solely within the province of the trier of facts. If the evidence, and all reasonable inferences deducible therefrom, when considered in a light most favorable to the non-moving party, creates a genuine issue of a material fact, the motion must be denied and the case set for trial in traditional manner. To grant a motion for summary judgment under these circumstances deprives a party entitled thereto of the jury trial guaranteed by the laws of this state, and is therefore error.
In Halavin[6] this court considered the question of whether lay testimony adduced for the purpose of establishing the occurrence of a scientific phenomenon was sufficient to create a genuine issue of that fact in the absence of expert scientific proof in corroboration thereof. In holding that such proof was sufficient for that purpose, and that the entry of summary judgment constituted error, we said that where any doubt exists as to the sufficiency of the evidence to establish a genuine issue of fact, the trial court should decline to enter summary judgment and should permit the case to go *227 to a jury for its determination in the wisdom of the factual issues involved in the cause.
From an objective consideration of the evidence contained in the record we conclude that the trial court committed error in granting defendant’s motion for summary judgment. The order in' question is accordingly reversed and the cause remanded for further proceedings.
Reversed.
STURGIS, J., and TAYLOR, HUGH M., Associate Judge, concur.

. F.S. § 742.031, F.S.A.

. People on Complaint of De Anglis v. Guisepee, Child Ct.1949, 97 N.Y.S.2d 486.

. 276 App.Div. 1102, 96 N.Y.S.2d 848; appeal denied, 277 App.Div. 879, 98 N.Y.S.2d 220.

. Hilton v. Hilton, 1921, 54 Cal.App. 142, 201 P. 337; Kessler v. Loer, 1956, 76 S.D. 158, 74 N.W.2d 599; Lyons v. Scott, 1960, 181 Cal.App.2d 787, 5 Cal.Rptr. 529.

. Crovella v. Cochrane, Fla.App.1958, 102 So.2d 307.

. Halavin v. Tamiami Trails Tours, Inc., Fla.App.1960, 124 So.2d 746.