297 So.2d 850 (1974)
James Edward THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 73-1012.
District Court of Appeal of Florida, Fourth District.
July 26, 1974.
*851 William W. Herring, and Stuart Tarlowe, Asst. Public Defenders, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie Bernard, Asst. Atty. Gen., West Palm Beach, for appellee.
TROWBRIDGE, C. PFEIFFER, Associate Judge.
The Defendant who appeals here was tried jointly, after his motion for severance was denied, with a co-defendant and was found guilty of possession of cocaine and heroin. A motion to suppress based upon an unlawful search was denied immediately prior to trial. Although there are eight points on appeal, only three need be discussed.
This defendant was driving an automobile owned by the co-defendant who was sitting in the front passenger seat. At approximately 5:00 A.M. their car came upon a police car from behind, started to pass, but then pulled back into line. The police car pulled over, the defendant's car went by, and the co-defendant looked at the police in passing. Based on these events, the police car stopped the defendant's car "to see if it was stolen." The events that occurred subsequent to the stop justified an arrest and a further search revealed a tin-foil packet on the defendant and cocaine in *852 a bag on the floor between the co-defendant's legs. The first point on appeal questions the legality of the initial stop of the vehicle.
(1) The motion to suppress should have been sustained. The conduct of the defendants was not sufficient to justify a stop. The police officers had not called in the license number to the NCIC computer and obtained a "hit." The hesitancy of a car to pass a police cruiser and a glance at the police by a passenger does not give probable cause to believe the car is stolen. The stop here can only be classified as an exploratory one based on unfounded suspicion. Riddlehoover v. State, 198 So.2d 651 (3d D.C.A.Fla. 1967).
(2) The evidence was insufficient to convict this defendant of possession of the cocaine found in the bag on the floor between the co-defendant's legs and the motion for direct verdict should have been granted as to Count I. In Frank v. State, 199 So.2d 117 (1st D.C.A.Fla. 1967), the established rule is stated to be that if the drug is found on premises in the defendant's exclusive possession and control, then knowledge of the drug's presence and ability to maintain control over it may be inferred. However, where the premises are not in the exclusive but only the joint possession of the defendant, then no such inference arises and knowledge of the drug's presence and ability to maintain control over it must be established by proof.
In the instant case the defendant had, at the most, only joint possession and control over the co-defendant's automobile and there was no direct evidence that the defendant knew the drug was in the bag on the floor on the passenger side or that the defendant had any control over it.
(3) The pretrial motion to sever should have been granted. Because the cocaine was found on the floor between the co-defendant's legs, a conflict between the defendants' defenses was inherent in the case. This became a definite problem when the defendant elected not to testify and the co-defendant took the stand. The defendant was required to make his final argument prior to that of the co-defendant and had no opportunity to rebut arguments of the co-defendant putting the blame on the defendant. This was particularly pronounced when the co-defendant's counsel pointed out that his client had taken the stand and subjected himself to cross-examination, an argument that the prosecutor would have been forbidden to make.
For the foregoing reasons the judgment and sentence as to Count I, possession of cocaine, are set aside and the defendant-appellant is discharged therefrom. Inasmuch as the evidence suppressed hereby under Count II, possession of heroin, constituted the crux of the State's case against the defendant, the judgment and sentence as to Count II are set aside and the defendant-appellant is discharged therefrom also. Riddlehoover v. State, supra.
Reversed.
OWEN, C.J., and CROSS, J., concur.