300 So.2d 732 (1974)
STATE of Florida, Petitioner,
v.
George Thomas OTHEN, Respondent.
No. 74-648.
District Court of Appeal of Florida, Second District.
September 20, 1974.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for petitioner.
Joseph F. McDermott, Law Offices of McDermott & Ohle, St. Petersburg, for respondent.
MANN, Chief Judge.
An order of the Circuit Court affirmed a decision of the County Court of Pinellas County suppressing evidence obtained as a consequence of a search "consented to" after the van which Othen was driving was stopped. The trial court did not reach the question whether Othen's consent to the search was validly given. In the opinion of the county judge, the officer who stopped the vehicle lacked "probable cause" to do so. We quash the order affirming on the narrow ground that probable cause is now an excessively rigid standard by which to measure the authority of a police officer to make a reasonable detention of a motorist for the purpose of ascertaining his identity and inquiring into circumstances justifiably arousing suspicion.
*733 The state relies principally upon Adams v. State, Fla.App.2d 1974, 295 So.2d 114. In that case the appellants argued absence of probable cause, but we stated that there are circumstances short of probable cause which would justify the stopping of a vehicle upon a founded suspicion which requires further investigation, where the act of stopping the vehicle was not arbitrary or harassing. We hasten to add that in the present case there clearly was an absence of probable cause, while in Adams there probably was probable cause. The question was irrelevant because there clearly was reason to stop a white Chevrolet with an out-of-state license, the number of which, with two digits transposed, was the same as that reported to police as the get-away-car of two robbers. Whether the stopping of Othen resulted from careful police work or careless harassment is a question the trial judge must answer on remand. The officer who stopped Othen claimed sufficient reason to associate Othen with the occupants of a vehicle nearby, known to contain drugs and under surveillance. We leave to the county judge the evaluation of this testimony.
If the county judge determines that Othen was properly stopped and questioned, he will then consider the validity of the consent to search in the light of Schneckloth v. Bustamonte, 1973, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854. There the Supreme Court of the United States agreed with the California courts:
"that the question whether a consent to a search was in fact `voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances. While knowledge of the right to refuse consent is one factor to be taken into account, the government need not establish such knowledge as the sine qua non of an effective consent. As with police questioning, two competing concerns must be accommodated in determining the meaning of a `voluntary' consent  the legitimate need for such searches and the equally important requirement of assuring the absence of coercion.
......
The problem of reconciling the recognized legitimacy of consent searches with the requirement that they be free from any aspect of official coercion cannot be resolved by any infallible touchstone. To approve such searches without the most careful scrutiny would sanction the possibility of official coercion; to place artificial restrictions upon such searches would jeopardize their basic validity... . In examining all the surrounding circumstances to determine if in fact the consent to search was coerced, account must be taken of subtly coercive police questions, as well as the possible vulnerable subjective state of the person who consents. Those searches that are the product of police coercion can thus be filtered out without undermining the continuing validity of consent searches. In sum, there is no reason for us to depart in the area of consent searches, from the traditional definition of `voluntariness.'"
If, on the other hand, Othen was unreasonably stopped, the consent, if shown to be free of coercion, express or implied, may yet be purged of the taint which causes the fruit of the poisonous tree to be discarded. Wong Sun v. United States, 1963, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441; Adams v. State, supra.
The order of the Circuit Court affirming the County Court's order is quashed, and the cause is remanded.
McNULTY and GRIMES, JJ., concur.