301 So.2d 105 (1974)
Harry James MATTIER, Appellant,
v.
STATE of Florida, Appellee.
No. 73-1019.
District Court of Appeal of Florida, Fourth District.
October 4, 1974.
Richard L. Jorandby, Public Defender, Kenneth J. Scherer, Asst. Public Defender, and Elliot R. Brooks, Legal Intern, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Basil S. Diamond, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant was a passenger in an automobile driven by James Edward Thomas. Said automobile was stopped by police. As a result of this stopping the police observed (a) a gun on the front seat and (b) a suspicious cigarette which fell to the ground as appellant exited the car at an officer's request. Appellant was then arrested for possession of marijuana and later charged with possession of cocaine. Thomas was also arrested and charged with possession of cocaine and heroin. Appellant was convicted as charged and so was Thomas. On appeal Thomas's conviction was reversed on several grounds, one of which was that since the police did not have sufficient reason to stop the car in the first instance, the trial court's refusal to suppress the contraband found was erroneous. Thomas v. State, Fla.App. 1974, 297 So.2d 850.
This court having already ruled in Thomas v. State, supra, that the police did not have sufficient reason to stop the car in which appellant was a passenger, it follows here also that the fruits of that improper exercise of the police power should have been suppressed.
Accordingly, the judgment and sentence appealed herein are reversed and the cause is remanded with directions that the lower court order the appellant discharged from custody.
Reversed.
OWEN, C.J., concurs.
MAGER, J., concurs specially with opinion.
MAGER, Judge (concurring specially):
It is with considerable reluctance that I must concur with the majority opinion. While I am firmly convinced that there was valid justification for a reasonable detention under the specific circumstances of this case so as to authorize a subsequent arrest and search, this court's prior decision in Thomas v. State, supra, is controlling.
The factual circumstances in Thomas, supra, are the same as in the case under *106 review; the only apparent distinction being that Thomas was tried separately from his co-defendant Mattier. Certainly if the state felt that our decision in Thomas was erroneous, it could have sought further review but chose, for whatever reason, not to pursue this opportunity. Instead the state in this a separate proceeding involving the co-defendant of Thomas has asserted the incorrectness of our decision in Thomas. This "would amount to nothing more than a second appeal on a question determined on the first appeal". Strazzulla v. Hendrick, Fla. 1965, 177 So.2d 1.
In order to lend stability to judicial decisions and the jurisprudence of the state the courts adhere to prior precedent because of three basic principles  the law of the case, res judicata and stare decisis. It is only for the most cogent reasons approaching the magnitude of "manifest injustice" that would authorize a court to reconsider a point of law previously decided in a case involving the identical facts and the same parties. Strazzulla v. Hendrick, supra; 2 Fla.Jur., Appeals, sec. 402. See also Johnson v. Cadillac Motor Car Co., 261 F. 878 (2 Cir.1919). No such reasons have been advanced by the state in this case to depart from the aforementioned general principles; moreover, the resulting effect would be to apply one rule to one defendant and a different rule to another where both are identically situated. Strazzulla, supra.
Although I must concur for the reasons just mentioned I would restate my belief that the actions of the police officers were consistent with established practice and based upon probable cause no less reasonable than the activities approved in State v. Padilla, Fla.App. 1970, 235 So.2d 309 and State v. Brooks, Fla.App. 1973, 281 So.2d 55. The police officers acted as their training and perception had taught them to act and as a reasonable person under similar circumstances would have acted. There  but for Thomas v. State  is the "probable cause". See, however, State v. Othen, 300 So.2d 732, Second District Court of Appeal Case No. 74-648 opinion filed September 20, 1974.[1]
Public confidence in our criminal justice system is diminished and law enforcement agencies are justifiably discouraged when (as in Thomas v. State) the common sense application of the crime prevention and crime detection functions is strained through a filament of unrealistic exactitude. As noted in Adams v. State, Fla. App. 1974, 295 So.2d 114, 115, "`there is no war between the Constitution and common sense.'"
NOTES
[1] The Second District advances the proposition (with which I agree) that "probable cause is now an excessively rigid standard by which to measure the authority of a police officer to make a reasonable detention of a motorist for the purpose of ascertaining his identity and inquiring into circumstances justifiably arousing suspicion."