327 So.2d 243 (1976)
Michael Damien STANLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 75-639.
District Court of Appeal of Florida, Second District.
February 25, 1976.
Jack O. Johnson, Public Defender, and Steven H. Denman, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant contests the denial of a motion to suppress as evidence the marijuana and controlled substance paraphernalia which he was charged with unlawfully possessing. The point was preserved for appeal at the time of the entry of a plea of nolo contendere. State v. Ashby, Fla. 1971, 245 So.2d 225.
At 12:20 a.m. on October 20, 1974, Deputy Halvorsen and Special Deputy Bissonette of the Lee County Sheriff's Department were dispatched to Daniels Road to check "speeding autos and intoxicated juveniles in the area." Upon arriving in the *244 darkened area of Daniels Road, the deputies observed an unusually large amount of traffic for the area. They parked off the side of the road with their headlights shining across the road. Daniels Road was unpaved at this point, but the speed limit was 55 miles per hour.
The vehicle in which appellant rode as a passenger was one of several cars that passed by going in an easterly direction. The car was estimated to be travelling at 40 to 45 miles per hour. Deputy Halvorsen noticed a "white female" sitting in the front passenger seat who pointed toward the marked patrol car. Thereupon, he pulled out and followed the car for about a half mile and then stopped it.
In his police report, Deputy Halvorsen stated that his reason for stopping the vehicle was that it "appeared to have no destination." In a deposition he testified that they decided to follow the car when the young lady "pointed to us or froze when she saw us." At the suppression hearing, Halvorsen stated his reason was to ascertain the identities of the persons and to give the driver a warning about his speed.
There were three people in the car. Appellant was in the back seat. As the car stopped, the deputies believed they saw something thrown out the rear window. They found a plastic baggie containing marijuana and a warm pipe in some bushes a short distance from the car. The court determined that the officers had reasonable and probable cause to stop the vehicle and held that the evidence was lawfully seized.
This appeal turns on whether the deputies had a right to stop the automobile without a warrant. If the stop was valid, there was no basis to suppress the evidence. State v. Nittolo, Fla. 1975, 317 So.2d 748.
This court has held that there are circumstances short of probable cause which would justify the stopping of a vehicle. State v. Othen, Fla.App.2d, 1974, 300 So.2d 732. In Adams v. State, Fla.App.2d, 1974, 295 So.2d 114, which was also an automobile case, this court said:
"... We are dealing here with an emerging area of law which, since Terry v. Ohio,[1] has made it clear that there is a middle ground between the pretextual arrest and an arrest with probable cause...."
Under Terry, a temporary detention is permissible if the facts available to the officer at the time would warrant a person of reasonable caution in the belief that the action taken was appropriate. Anything less "would invite intrusions upon constitutionally guaranteed rights based on nothing more substantial than inarticulate hunches." Terry v. Ohio, supra.
None of the circumstances mentioned by the officers were legally sufficient to justify the stopping of the vehicle in which appellant was a passenger. The only possible justification was suggested by the court at the conclusion of Deputy Halvorsen's direct examination when the following colloquy occurred:
"THE COURT: ... When you stopped and put on your lights and threw the siren on and following that car and they ultimately stopped, what was your intention when stopping the vehicle?
"THE WITNESS: Primarily to ascertain the identities and to give the gentleman a verbal warning of the speed he was doing down that road and make him aware of the situation as far as speeding autos and the complaints that people were making.
"I don't think I would have actually cited him, to be honest and truthful, your Honor.

*245 "THE COURT: So, it would be to ascertain the identities of the individuals?
"THE WITNESS: Yes, sir.
"THE COURT: And possibly warn them about the speed?
"THE WITNESS: Yes, sir.
"THE COURT: And find out the situation with the young lady that was the reason she pointed to you to find out if she was frightened or was out with those gentlemen legitimately?
"THE WITNESS: Yes, sir."
While we are reluctant to reverse where there is any possibility of factual conflict, a study of the entire transcript convinces us that the safety of the girl played no part in the determination to stop the vehicle. In the course of checking out an area where intoxicated juveniles had been reported to be speeding, the deputies became suspicious of this automobile because the girl in the front seat suddenly froze when she saw the marked patrol car and pointed toward it. This case bears some similarity to Thomas v. State, Fla.App.4th, 1974, 297 So.2d 850, in which the court held that the police were not justified in stopping an automobile which started to pull out to pass and then pulled back when the passenger observed that the car it was about to pass was a police cruiser.
The circumstances known to the deputies were not of a sufficiently suspicious character as to permit them to stop the vehicle. Good faith is not enough. Terry v. Ohio, supra. Therefore, the fruits of the improper exercise of police power should have been suppressed. Mattier v. State, Fla.App.4th, 1974, 301 So.2d 105.
Reversed.
HOBSON, A.C.J., and BOARDMAN, J., concur.
NOTES
[1] Terry v. Ohio, 1968, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.