SCHWARTZ, ALAN R., Associate Judge.
It is apparent that the defendant-appellee in .this paternity action did not meet the burden of conclusively establishing that no genuine issue existed concerning the material issue of whether he was the father of the appellant’s child. The summary judgment entered in his favor therefore plainly cannot stand and the cause must be remanded for trial. Holl v. Talcott, Fla.1966, 191 So.2d 40; Jones v. Stoutenburgh, Fla. 1957, 91 So.2d 299; Crepaldi v. Wagner, Fla.App.lst 1961, 132 So.2d 222. Yarmark v. Strickland, Fla.App.3d 1966, 193 So.2d 212, cert. den., Fla.1967, 201 So.2d 559, which was relied upon below, and which involved the reversal of a judgment of paternity rendered after trial, on the ground that it was based on mere speculation and conjecture, is on point neither procedurally nor factually.
REVERSED and REMANDED.
McNULTY, C. J., and HOBSON, J., concur.