337 So.2d 1024 (1976)
Brian John VOLLMER, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1244.
District Court of Appeal of Florida, Second District.
September 29, 1976.
Rehearing Denied October 25, 1976.
*1025 Jack O. Johnson, Public Defender, Steven H. Denman, Asst. Public Defender, and Robert S. Laing, Legal Intern, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Appellant was charged with resisting an officer with violence contrary to Fla. Stat. § 843.01 and two counts of possessing a controlled substance in violation of Fla. Stat. § 893.13(1)(e). He pled nolo contendere, preserving his rights on appeal, and was sentenced to two years. He contends that he could not be guilty of violating Fla. Stat. § 843.01, because the officer was acting illegally, and furthermore, that the controlled substance found on his person should have been suppressed because the search was unjustified. We agree and reverse.
The events in question occurred on March 1, 1975, at approximately 3:00 A.M. As Officer Alexander of the Lakeland Police Department was traveling south on Florida Avenue in a marked police vehicle, he observed the appellant walking north between Edgewood and Windsor Streets on Florida. There was no evidence of any criminal activity in this area of Lakeland on that morning. The officer had no reason to believe that the appellant had committed any crime. But, as the officer drove by, he noticed the appellant watching the patrol car. He then turned his car around to further observe the appellant whereupon he stopped him and asked him for his name. When the appellant replied that his name was "Bill Hollis," the officer inquired as to whether he had any identification. When appellant answered in the negative, the officer next asked whether appellant had a wallet. Appellant then replied "yes," and produced a wallet. As appellant opened the wallet the officer saw a Florida driver's license and asked to inspect it. Appellant gave it to the officer and upon inspection, the officer determined that the license bore the name "John Brian Vollmer." When Officer Alexander read that name aloud, appellant "took off running" and the officer gave chase on foot. When the officer caught appellant a struggle ensued. Appellant was arrested for resisting an officer with violence. A subsequent search of his person at the police station revealed LSD and cocaine.
*1026 In this instance the initial stop by the officer was not justified. Without more, the fact that appellant was walking along a main public thoroughfare at 3:00 A.M. and turned to look at a police car is an insufficient basis to justify a stop under Terry v. Ohio, 1968, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, or Florida's Stop and Frisk Law, Fla. Stat. § 901.151. See Thomas v. State, Fla.App. 4th 1974, 297 So.2d 850, in which our sister court held that stopping a car at 5:00 A.M. was unjustified when the only events arousing suspicion were that the driver started to pass a police car and then pulled back, and the passenger then turned to look at the police car.
We recognize that a brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time. Adams v. Williams, 1972, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612. And, where the public safety is endangered, identification may properly be requested. Cf., Hardie v. State, Fla. 1976, 333 So.2d 13. But here, there was no evidence of any danger to the public safety and there were no circumstances to justify the police to suspect the appellant of being involved in any criminal activity. Cf., Maruca v. State, Fla.App.3d 1976, 329 So.2d 427.
The identification furnished the officer by appellant was the product of the stop. Since the initial stop of the appellant by the officer was illegal, the fact that appellant produced an identification contrary to the name he had given and then fled, does not validate the policeman's actions. The appellant here was not required to explain his presence and conduct. Cf., State v. Ecker, Fla. 1975, 311 So.2d 104.
In Stanley v. State, Fla.App.2d 1976, 327 So.2d 243, we held that a baggie of marijuana was improperly seized even though it had been thrown out the window of the defendant's car, because the evidence was the fruit of an illegal stop of the car. See Wong Sun v. United States, 1963, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441; D'Agostino v. State, Fla. 1975, 310 So.2d 12.
Since the actions of the officer were unjustified, appellant could not be charged with resisting the officer under Fla. Stat. § 843.01. See Burgess v. State, Fla.App.2d 1975, 313 So.2d 479, and cases cited therein.[1] Similarly, the evidence found on appellant's person must be suppressed since the search was not justified as being incident to a lawful arrest.
Reversed.
BOARDMAN, Acting C.J., and GRIMES, J., concur.
NOTES
[1] The events here took place prior to the effective date of the new criminal code. Therefore, we need not determine the effect of Fla. Stat. § 776.051 on the right to resist an officer in the performance of his duties.