366 So.2d 865 (1979)
Clifford HALL, Appellant,
v.
STATE of Florida, Appellee.
No. 77-2150.
District Court of Appeal of Florida, Fourth District.
January 31, 1979.
Rehearing Denied March 14, 1979.
Richard L. Jorandby, Public Defender, Tatjana Ostapoff and Wilbert Stevenson, Jr., Asst. Public Defenders, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, Charles A. Stampelos and Mary E. Marsden, Asst. Attys. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
In this case the defendant contends the trial court erroneously denied a motion to suppress tangible evidence found in an automobile. Police officers received a call from a retail store manager to the effect that two black males were in a retail clothing establishment acting in a "suspicious manner." Two separate police officers responded to this call and arrived simultaneously. At this point the two suspects were leaving the store. The store manager came out and briefly conversed with the officers. The manager told the officers the two black males had visited the store on several occasions that day, that they had not appeared interested in buying anything and that their conduct was suspicious.
On the basis of this information one of the police officers followed the two suspects who had entered a car and driven away. The suspects did nothing out of the ordinary in the presence of the police officer. There were no suspicious circumstances or actions. The officer followed the car and *866 eventually turned on his blinking light and siren. In response to this appellant peered back nervously at the officer and reached toward the floor of the vehicle. Other than this, the stop was effected without incident. After approaching the car, the officer, using a light, peered into the back seat and discovered certain stolen merchandise. We need not reach the issue of whether this constituted a search in view of our ruling as to the initial stop of the suspects.
It is our conclusion that the detention of these suspects was not authorized by the Stop and Frisk Law, § 901.151 Fla. Stat., or by the Retail Theft Detention and Arrest Law, § 901.34 Fla. Stat. The officers here did not have probable cause for believing that goods held for sale in a retail establishment had been unlawfully taken as is required by § 901.34. Further, the officers were not presented with circumstances reasonably indicating that the two suspects had or were about to commit a violation of the criminal laws of this State as required by § 901.151. Under these circumstances the officers had only a bare suspicion which did not authorize detention of the appellant. Coleman v. State, 333 So.2d 503 (Fla. 4th DCA 1976).
The officers had the right to act upon the report of the store manager but here this report was simply insufficient to create the necessary "founded suspicion" based on any objective standard. Coladonato v. State, 348 So.2d 326 (Fla. 1977). There was no report of or evidence of stolen goods. The trial court erred in denying the motion. Judgment below is reversed and the cause remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.
LETTS, J., concurs.
KAPNER, LEWIS, Associate Judge, dissents with opinion.
KAPNER, LEWIS, Associate Judge, dissenting.
I would affirm the trial judge's denial of appellant's motion to suppress.
The issue before the trial judge was a factual one: Did the arresting officers encounter appellants under circumstances which reasonably indicated that they (appellants) had committed a crime. § 901.151 Fla. Stat. Put another way, did the officers have a "founded suspicion" of criminal behavior. Lewis v. State, 337 So.2d 1031 (Fla.2d DCA 1976).
A "founded suspicion" has been defined as "a suspicion which has some factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in the light of the officer's knowledge. `Mere' or `bare' suspicion, on the other hand, cannot support detention. (Citation omitted). Mere suspicion is no better than random selection, sheer guess work, or hunch, and has no objective justification." State v. Stevens, 354 So.2d 1244, 1247 (Fla.4th DCA 1978). It is sufficient if the circumstances "reasonably suggested the suspect's possible commission, existing or imminent, of a crime." State v. Stevens, supra. (Emphasis added). See, also, State v. Othen, 300 So.2d 732 (Fla.2d DCA 1974).
That was the issue before the trial court. The issue before this court is not whether the store manager's opinions and observations were correct, or whether the officer was compelled to accept them, or whether it was more likely that the suspects were engaged in lawful behavior rather than criminal behavior, but, rather, whether the trial judge abused his discretion in finding, from the evidence before him, that the circumstances reasonably indicated or suggested criminal conduct.
The judgment of a trial judge in cases such as this comes to this court clothed with a presumption of correctness and should be affirmed unless there is a lack of substantial evidence to sustain it. While reasonable persons might differ, I believe there is sufficient evidence to support the trial judge's determination of the factual issue presented to him. I cannot say, as a matter of law, that the police officers operated on "random selection, sheer guess work, or hunch, and without objective justification." The officer on the scene had a choice between *867 relying on the store manager's assessment and description of the situation and, consequently, stopping appellants for further inquiry, or examining the manager's conclusions more penetratingly, thereby running the risk that appellants might escape.
It is well to keep in mind the purpose of a "stop" as opposed to an "arrest." Under circumstances reasonably indicating criminal conduct, a police officer may make a reasonable detention for the purpose of ascertaining identity and inquiring into the circumstances justifiably arousing suspicion. § 901.151 Fla. Stat.; State v. Othen, supra. If, on the other hand, the officer has probable cause to believe in fact a crime has been committed, he may "arrest" the offender, that is, take him in custody.
When the stop is challenged in court, the trial judge must determine whether the stop was the result of careful police work or careless harassment. State v. Othen, supra. That the officers, on hindsight, might have been more cautious offers no basis for reversing the trial judge's determination that the stop and subsequent arrest was valid. Therefore, I would affirm.