## STATE OF FLORIDA v. GIUSTI
### Case No. 43424-LX
County Court, Volusia County

February 11, 1985

### APPEARANCES OF COUNSEL

**Rob Bobek,** Assistant State Attorney, for plaintiff.

**Flem K. Whited, III,** for defendant.

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

This cause came on to be heard on the defendant's Motion to Dismiss/Suppress upon the grounds that the officer made an illegal arrest because the defendant was stopped by the police officer on bare suspicion.

On October 23, 1984 at 1:23 a.m., the police officer observed the defendant driving a rental car, pull up to the curb at Madison Avenue

and Ridgewood Avenue, speak to a black female for a moment, pull away and in the next block pull up to the curb, speak to another black female for a moment, pull away again when he was stopped by the police officer, who smelled alcohol on his breath and subsequently arrested him for D.U.I.

The police officer testified that the area in which the defendant was talking to the black females is a "high crime" area where prostitutes are known to ply their trade, but that he did not know that these black females were prostitutes, although he had seen them in the area two or three times before. He also testified that the defendant did not violate any traffic laws.

It is well established that a police officer may stop a vehicle to question its occupant on less than probable cause, however, it is equally well established that he may not do so arbitrarily or on a bare suspicion that the occupant is violating the law. *Kearse v. State*, 384 So.2d 272; *Thomas v. State*, 297 So.2d 850; *Mullins v. State*, 366 So.2d 1162; *Volkner v. State*, 337 So.2d 1024; *Coladonota v. State*, 348 So.2d 326; *Stanley v. State*, 327 So.2d 243; *Kayes v. State*, 409 So.2d 1075.

Here the evidence fell short of demonstrating that the officer had a well founded suspicion of criminal activity, sufficient to justify the stop of the defendant's vehicle. Had the black females been known to the officer to be prostitutes, a different ruling might be made.

It is therefore,

ORDERED AND ADJUDGED that the defendant's Motion to Suppress is hereby granted.