NIMMONS, Judge.
The state appeals from an order granting appellee's motion to suppress drugs seized by a state trooper following a stop based on an alleged violation of Section 316.-238(1), Florida Statutes (1985). We affirm.
At approximately 2 o’clock in the morning, a state trooper was traveling east on Interstate 10 in Santa Rosa County. Ap-pellee was a passenger in a car that was traveling west on Interstate 10. As the two cars approached each other, the car in which the appellee was riding failed to dim its headlights. At this particular point on the Interstate, the eastbound and westbound roadways are separated by a 55-foot-wide grassy median and shoulders. The state trooper stopped the car solely because it failed to dim its headlights as the two cars passed on the Interstate, relying on Section 316.238.
Once the automobile had stopped, the trooper detected the odor of marijuana as he stood by the open window of the vehicle. After asking the driver and appellee to step out of the car, the trooper seized a quantity of cocaine from the appellee’s person and a quantity of marijuana from the interior of the vehicle. Such seizure formed the basis of a four-count information charging appel-lee with various drug offenses.
Appellee filed a motion to suppress the drugs seized by the state trooper. The hearing on this motion was directed solely to the issue of whether the trooper’s stop was legal. The trial court granted appel-lee’s motion to suppress, finding that Section 316.238 did not require a driver to dim his headlights for approaching traffic on the Interstate, failure of which would justify stopping the car.
It is clear from a plain reading of Section 316.238(1), Florida Statutes, in conjunction with the definitional provisions of Section 316.003(43), Florida Statutes, that the driver of appellee’s vehicle was not required to dim his headlights while proceeding along the roadway in question. Section 316.-238(1), relied upon by the state trooper, provides as follows:
316.238 Use of multiple-beam road-lighting equipment. — Whenever a motor vehicle is being operated on a roadway or shoulder adjacent thereto during the times specified in s. 316.217, the driver shall use a distribution of light, or composite beam, directed high enough and of sufficient intensity to reveal persons and vehicles at a safe distance in advance of the vehicle, subject to the following requirements and limitations:
(1) Whenever the driver of a vehicle approaches an oncoming vehicle within *727 500 feet, such driver shall use a distribution of light, or composite beam, so aimed that the glaring rays are not projected into the eyes of the oncoming driver. The lowermost distribution of light, or composite beam, specified in ss. 316.237(l)(b) and 316.430(2)(b) shall be deemed to avoid glare at all times, regardless of road contour and loading. (e.s.)
Section 316.003, Florida Statutes, which defines words and phrases used in Chapter 316, the State Uniform Traffic Control Act, defines “roadway” as follows:
(43) ROADWAY. — That portion of a highway improved, designed, or ordinarily used for vehicular travel, exclusive of the berm or shoulder. In the event a highway includes two or more separate roadways, the terms “roadway” as used herein refers to any such roadway separately, but not to all such roadways collectively, (e.s.)
It is clear that the requirement in Section 316.238(1) that a driver dim his headlights for oncoming traffic applies only to drivers on a roadway, which is a specifically defined term under Section 316.003(43). As indicated above, that section establishes that for purposes of the application of Chapter 316, if a highway includes two or more separate roadways, the term roadway “refers to any such roadway separately, but not to all such roadways collectively.”
It is therefore apparent that the vehicle in which appellee was a passenger was not traveling on the same “roadway” as the state trooper. The driver was not required by law to dim his lights. Since the sole basis for the trooper’s stopping of the vehicle was the failure to dim the vehicle’s headlights, the stopping of the vehicle was not authorized.
The trial court’s suppression order is AFFIRMED.
SHIVERS and BARFIELD, JJ., concur.