## STATE OF FLORIDA v COMEAU

### Case Nos. 44191-PT and 44190-PT

County Court, Volusia County, Florida
October 28, 1987

**APPEARANCES OF COUNSEL**

**Ben Fox,** Assistant State Attorney, for plaintiff.
**David D. Ege** for defendant.

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

THIS CAUSE came on to be heard on the defendant's Motion to

Suppress all evidence and statements seized and taken incident to the unlawful stop and detention of the defendant.

The defendant is charged with D.U.I. and failing to dim headlights in violation of Section 316.238 F.S.

The facts are as follows:

On July 17, 1987, Officer Benjamin Sessions was on routine patrol going West on Beville Road in the 2400 block, when he noticed in his rear view mirror seeing some high beam headlights coming from behind him. As the car got closer, the headlights blinked from bright to dim. There were other vehicles going West on Beville Road, a four-way highway divided by a median. At his deposition taken on October 6, 1987 Officer Sessions testified that he could not tell how far behind his patrol vehicle the defendant's vehicle was when he first noticed it. (Page 6 line 19-21, transcript). At the suppression hearing he testified the defendant's vehicle was three to four car lengths behind him when he was first attracted by the headlights.

As and when the defendant's vehicle passed by the patrol car, the headlights were dim. Officer Sessions pursued the defendant's vehicle, but did not know how far he pursued the defendant, but in any event he did not notice any violation, or anything that would cause him to stop the defendant's vehicle, not because of any headlight violation but because he wanted to see if there was indeed a problem, or if the driver was in need of help (Page 8 line 8,9, transcript, October 6, 1987).

At the suppression hearing Officer Sessions specifically answered to a question put by the Court that he did not stop the defendant for any alleged headlight violation and that while pursuing the defendant, he did not drive in any erratic manner that would cause him to stop.

Eventually, the defendant stopped his car, exited it and walked back to the patrol car where he and Officer Sessions met half way midway between the defendant's truck and the patrol car. Officer Sessions testified at the suppression hearing that the defendant did not sway as he walked toward him.

As Officer Sessions and the defendant began talking, Officer Sessions noticed a smell of alcohol coming from his breath and asked the defendant to take a field sobriety test (P 20 line 8, 9–22, 24, October 6, 1987) which according to Officer Sessions the defendant was unable to do, whereupon he was arrested for D.U.I.

The Court finds that the conduct of the defendant under the facts herein, by flashing his high beam lights was not sufficient to justify the stop by Officer Sessions.

In *Thomas v. State,* 297 So.2d 850, the defendant's car came upon the police car from behind, started to pass, but then pulled back in line. The police car pulled over, the defendant's car went by and the co-defendant looked at the police in passing. The police stopped the car "to see if it was stolen". The Court held that:

> "The hesitancy of a car to pass a police cruiser and a glance at the police by a passenger does not give probable cause to believe the car is stolen." *Thomas v. State,* (supra).

In *Stanley v. State,* 327 So.2d 243, the Sheriff's Department in checking speeding and intoxicated juveniles at a certain location, observed the vehicle in which the defendant rode, traveling 40-45 m.p.h. and noticed a white female sitting in the front passenger seat pointing toward the marked patrol car. The police car followed the vehicle for about a half mile and stopped it because it "appeared to have no destination" and because the young lady pointed to us (police) or froze when she saw us (police) at the suppression hearing his reason for stopping the vehicle was to ascertain the identities of the persons and to give the driver a warning about his speed.

The Court said:

> "None of the circumstances mentioned by the officers were legally sufficient to justify the stopping of the vehicle in which appellant was a passenger. . . . The circumstances known to the deputies were not of a sufficient suspicious character as to permit them to stop the vehicle. *Good faith is not enough.*" (Emphasis supplied)

In the case at bar, the only justification for stopping the defendant's motor vehicle was a possible headlight violation.

Section 316.238 F.S. states:

> "Use of multiple-beam road lighting equipment.—Whenever a motor vehicle is being operated on a roadway or shoulder adjacent thereto during the times specified in s. 316.217, the driver shall use a distribution of light, or composite beam, directed high enough and of sufficient intensity to reveal persons and vehicles at a safe distance in advance of the vehicle, subject to the following requirements and limitations:

> (1) Whenever the driver of a vehicle approaches an oncoming vehicle within 500 feet, such driver shall use a distribution of light, or composite beam, so aimed that the glaring rays are not projected into the eyes of the oncoming driver. The lowermost distribution of light, or composite beam, specified in ss. 316.237 (1)(b) and 316.430(2)(b) shall be deemed to avoid glare at all times, regardless of road contour and loading.

(2) Whenever the driver of a vehicle approaches another vehicle from the rear within 200 feet, such driver shall use a distribution of light permissible under this chapter other than the uppermost distribution of light specified in ss. 316.327(1)(a) and 316.430(2)(a)."

In *State v. Clark,* 511 So.2d 726, the Court held that a motorist is not required to dim his headlights on an interstate highway. Although Beville Road is not an interstate highway, it does have a divided median and would fall within the definition of a roadway as cited in *State v. Clark,* (supra).

As far as Section Par (3) of 216.238 F.S. which requires that when a driver approaches another vehicle from the rear "within 300 feet" such driver shall dim his lights.

Officer Sessions was very vague in testifying how far back from his vehicle the defendant was when he had his high beams on. At deposition he said that he didn't know. At the suppression hearing, he testified that the defendant's vehicle was about three or four car lengths behind him. He also testified specifically that he did not intend to stop the defendant for a headlight violation (See *Stanley v. State,* (supra), pp. 244-245).

The Court finding that the initial stop of the defendant was illegal, all subsequent statements, evidence, such as the field sobriety test, and the alleged refusal to take the breath test, be and the same, is hereby suppressed.

DONE, ORDERED AND ADJUDGED in Chambers at the County Courthouse Annex, 125 E. Orange Avenue, Daytona Beach, Volusia County, Florida this 28th day of October, 1987.