## STATE OF FLORIDA v KOLOD

### Case No. CTC87-16697-C

County Court, Volusia County, Florida
November 10, 1987

### APPEARANCES OF COUNSEL

**Ben Fox,** Assistant State Attorney, for plaintiff.
**Joe Garlovsky** for defendant.

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

THIS CAUSE came on to be heard on the Defendant's Motion to

76

Suppress evidence illegally seized as a result of a warrantless search and seizure, without probable cause.

The defendant is charged with possession of marijuana.

On July 9, 1987 the defendant was stopped by Daytona Beach Police Officer Stoppelbein and after finding some cannabis in her purse, issued to her a notice to appear in the County Court to answer the charge.

The notice to appear states the circumstances of the encounter with the defendant as follows:

"Defendant observed several times in high crime area on a dark back road area known for drugs and assaults. Stopped for her safety. While checking for her driver's license in purse, plastic baggie of cannabis clearly visible in side pocket was trying to conceal same from view of officer."

At the suppression hearing Officer Stoppelbein testified that in addition to stopping the defendant "for her safety", he stopped her for having no headlights.

Rev. Edwards, a civilian who was riding with Officer Stoppelbein testified that before he was called to testify he "reminded" Officer Stoppelbein that the defendant had no headlights.

As pointed out above, Officer Stoppelbein does not mention "no headlights" on the notice to appear and neither does he state it in his supplemental report.

The Court questions the credibility of the witnesses, and the injection of the headlights in the opinion of the Court, was an afterthought by the police officer and the civilian witness as the reason for stopping the defendant, was done only in justification of attempting to try to make the stop lawful.

Without the "no headlights", the stop by the police officer was a violation of the defendant's constitutional rights.

Being in a "high crime area" in and of itself is not grounds to stop a vehicle. Even if it is unusual for the vehicle to be in the area late at night, it is not sufficient. *(Coladonto v. State,* 348 So.2d 326)

Stopping a defendant "for her own safety" is not sufficient. The good faith of the officer is not sufficient. *(Stanley v. State* 327 So.2d 243). Stopping someone because he didn't look right is not enough. *(Thomas v. State* 297 So.2d 850). IT IS THEREFORE,

ORDERED AND ADJUDGED that the Defendant's Motion to Suppress is hereby granted.

DONE, ORDERED AND ADJUDGED in Chambers at the

**77**

County Courthouse Annex, 125 E. Orange Avenue, Daytona Beach, Volusia County, Florida this 10th day of November, 1987.