DAVIS, Judge.
The State challenges the trial court order granting Shumaker’s motion to suppress and dismissing the case. We reverse.
Shumaker was charged with DUI (fourth violation) and driving with license suspended after an officer stopped him for failing to dim his high beam headlights. At the suppression hearing, Shumaker argued that the officer did not have probable cause to stop him. The officer testified that he stopped Shumaker for failing to dim his high beams within 500 feet of oncoming traffic, in violation of section 316.238(l)(a), Florida Statutes (2001), and for failing to dim his high beams while following within 300 feet of another vehicle, in violation of section 316.238(l)(b). The trial court granted the motion to suppress but failed to make any findings of fact.
The court was correct in finding that the officer did not have probable cause to stop Shumaker for failing to dim his lights within 500 feet of an oncoming vehicle because the road he was traveling on was a divided highway. See State v. Clark, 511 So.2d 726 (Fla. 1st DCA 1987). However, the court was incorrect in implicitly finding that the officer did not have probable cause to stop Shumaker for not dimming his lights while traveling within 300 feet behind another vehicle.
The officer testified without contradiction that Shumaker was “maybe two” car lengths behind the car in front of him. Apparently, the trial court did not believe that the officer’s testimony demonstrated a violation. We cannot agree. By any strained construction of the phrase, “maybe two” car lengths, one cannot reach the factual conclusion that Shumaker was *1200 more than 300 feet away from the vehicle in front of him. The record does not reveal that the officer’s credibility on this issue was challenged or placed in issue. Therefore, even giving deference to the trial court’s implicit factual finding that the State did not meet its burden of proof on this issue, we conclude that the record does not support that conclusion. See State v. Nova, 361 So.2d 411 (Fla.1978).
Because the only evidence before the court indicated that Shumaker’s car was within 300 feet of the car in front of it, the court’s legal conclusion was also in error. Accordingly, the evidence discovered by the officer as a result of the stop was improperly suppressed.
Reversed and remanded.
FULMER and KELLY, JJ„ Concur.