240 So.2d 88 (1970)
The STATE of Florida, Appellant,
v.
Bobby Lloyd JACKSON, Appellee.
No. 70-510.
District Court of Appeal of Florida, Third District.
October 20, 1970.
Richard E. Gerstein, State Atty., and Milton Robbins, Asst. State Atty., for appellant.
Thomas B. Duff, Miami, for appellee.
Before PEARSON, C.J., and HENDRY and SWANN, JJ.
PEARSON, Chief Judge.
This appeal by the State of Florida is taken pursuant to § 924.071(1) Fla. Stat., F.S.A., which permits interlocutory appeals by the state from orders granting a defendant's motion to suppress evidence. The *89 order entered by the trial judge set forth full findings of fact as follows:
"1. That the arresting officer observed the defendant standing on the street with four or five young men.
"2. That the other young men left the area when the arresting officer approached.
"3. That the defendant was not committing any criminal offense when the arresting officer approached.
"4. That the arresting officer observed the defendant drop a brown paper bag.
"5. That the arresting officer picked the bag off the ground and observed inside the bag a substance which he believed to be marijuana.
"6. That the arresting officer recognized the defendant from several years ago.
"7. That the arresting officer arrested the defendant after observing the substance in the bag."
The trial judge concluded "the evidence is suppressed because the arresting officer had no probable cause to arrest the defendant. Fletcher v. Wainwright, 399 F.2d 62 (5th Cir.1968)." In the cited case the federal court applied the "fruit of the poisonous tree doctrine." It held that where police officers had illegally broken into a room and later discovered contraband which had been tossed out of the window because of the illegal entry, the discovery of the contraband was a direct result of the improper initial entry, and therefore could not be used in evidence against the defendant, occupant of the premises illegally entered.
The trial judge in the instant case has found, as a finder of fact, that the police officer did not arrest the defendant until after he had discovered the contraband. Therefore there was no illegal arrest and no unlawful act committed by the officer prior to the evidence being abandoned. The "fruit of the poisonous tree doctrine" is not applicable since there was no illegal conduct by the officer prior to the arrest. Mitchell v. State, Fla. 1952, 60 So.2d 726. The trial judge found and the evidence sustains his finding that the defendant had possession of a bag, and that he divested himself of the possession in the view of the police officer. The actions of the defendant constituted an abandonment of the contraband which the police officer had observed in his possession; therefore, it was both reasonable and proper for the police officer to investigate the abandoned sack which was found to contain contraband. Thereupon the officer had probable cause to arrest the defendant. State v. Padilla, Fla.App. 1970, 235 So.2d 309. The order suppressing the evidence is reversed and the cause remanded for the entry of an order in accordance with this holding and for the further prosecution of the cause.
Reversed and remanded.