266 So.2d 173 (1972)
Mark Thomas RILEY, Appellant,
v.
STATE of Florida, Appellee.
No. 70-909.
District Court of Appeal of Florida, Fourth District.
August 31, 1972.
Rehearings Denied September 29, October 25, 1972.
Walter N. Colbath, Jr., Public Defender, and Jeffrey H. Barker, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Andrew I. Friedrich, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
Appellant, charged with possession of marijuana, sought to have the tangible evidence suppressed. When the motion was denied, appellant voluntarily changed his plea to nolo contendere expressly reserving his right to seek appellate review of the order denying the motion to suppress. The propriety of that order is the sole issue here.
The pertinent facts revealed at the hearing on motion to suppress are summarized as follows: At 1:45 a.m. a police officer of the City of Fort Lauderdale, while on patrol, observed appellant walking on the street in a fashionable hotel and residential area. The officer stopped his patrol car a short distance from appellant, got out of the car and awaited appellant's approach. The officer then asked appellant his name to which appellant gave the unresponsive answer that he "had no identification on him". The officer, noticing a bulge in the watchpocket of appellant's trousers, asked what was in the pocket. Appellant removed a small vial from the watchpocket saying, "Oh, this? Oh, this is nothing", and proceeded to toss the vial into a nearby waterway. Appellant was then placed in the officer's patrol car while the vial was retrieved from the water. It was found to contain a small quantity of marijuana, the evidence sought to be suppressed.
Paraphrased, it is appellant's contention that since the officer had no valid basis to stop appellant and interrogate him, the subsequently produced tangible evidence thereby became tainted and inadmissible. This argument would be persuasive had the tangible evidence been produced through means of a search. Cf. Kraemer v. State, Fla. 1952, 60 So.2d 615.
*174 Although the state devotes a substantial portion of its brief to the argument that the officer was authorized to stop and interrogate appellant by virtue of Section 901.151, F.S. 1969, F.S.A., we are satisfied that the facts here are totally insufficient to justify applicability of that statute. The trial court based its decision squarely upon a determination that the tangible evidence had not been produced as a result of a search, but rather had been voluntarily abandoned by appellant. We agree. The officer's inquiry of appellant (concerning the content of the latter's watchpocket) did not amount to a search, and appellant's conduct in producing the vial and throwing it into the adjacent waterway was clearly an abandonment of possession. We affirm on the authority of Mitchell v. State, Fla. 1952, 60 So.2d 726; State v. Padilla, Fla.App. 1970, 235 So.2d 309; State v. Jackson, Fla. App. 1970, 240 So.2d 88.
Affirmed.
REED, C.J., and WALDEN, J., concur.