MAGER, Judge
(dissenting) :
I must respectfully dissent because in my opinion the trial court’s order granting defendant’s motion to suppress was erroneously entered and should be reversed. The trial court, most respectfully, has misapplied the law to the particular facts.
The evidence suppressed was a quantity of marijuana found in a cellophane bag that the arresting officer had seen thrown out the passenger side of the vehicle in which defendants were occupants. The order of suppression was based upon the trial court’s determination that the “fruit of the poisonous tree doctrine” was applicable because of the “illegal” activity by the police prior to the contraband being thrown out the window.
The courts have allowed the seizure of evidence “voluntarily abandoned” where no *691 improper or unlawful act was committed by the law enforcement officers prior to such abandonment. State v. Jackson, Fla. App.1970, 240 So.2d 88; Fletcher v. Wainwright, 399 F.2d 62 (5 Cir. 1968). For example, in Fletcher, officers (without an arrest warrant, search warrant, or probable cause to arrest) while investigating a jewel theft, kicked in a hotel door to gain admittance causing one of the occupants to throw stolen jewelry out the window during the incident. The Fifth Circuit in Fletcher held, in part, that “since the initial entry was improper and the items were thrown out the window as a direct result of that illegality, the police were not entitled to the fruits and the admission of the jewelry in evidence . . . ”. But see State v. Jackson, supra.
I am unable to find any similarity between the facts and the conduct of the officers in the case in question and those involved in the Fletcher case.
In the instant situation, a police officer received word from his dispatcher about five o’clock in the morning to be on the lookout for a vehicle which was suspected of containing illegal narcotics or drugs. Apparently a description of the vehicle was furnished to the police officer who was advised merely to observe the vehicle if located. Ultimately the police officer in question saw a vehicle fitting the description and followed it for a few blocks until it made a right turn on red at an intersection marked “No Right Turn on Red”. After turning on his floodlights to illuminate the vehicle and his flashing blue light and while the cars were still moving, the officer observed something thrown from the passenger side of defendant’s vehicle. The police officer stopped his vehicle to retrieve the object which turned out to be a cellophane bag containing marijuana; in the meantime, a fellow officer stopped the defendant’s vehicle. The police officer who was originally in pursuit arrested the defendants after retrieving the substance and determining the same to be marijuana.
The conduct on the part of the police which the trial court found to be “illegal” was “his (the police officer’s) effort to stop the vehicle upon a pretext”. It is difficult to understand how a “pretextual stopping” occurred when the facts clearly demonstrate that the stopping did not take place until after the item thrown was discarded through the window of defendant’s vehicle, picked up and determined to be marijuana. The incident never reached the stage of a pretextual arrest so as to necessitate a concern for the propriety of a search. Perhaps some argument might have been made that had the police officer stopped the vehicle for a minor traffic violation, i. e., turning right where prohibited, it would have been improper to perform a general search of the person and vehicle. But see State v. Gustafson, Fla. 1972, 258 So.2d 1, aff’d Gustafson v. Florida, 414 U. S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973). We need not indulge in such hypothetical or speculative reasoning. The police officer was where he should have been, doing that which he was trained to do; and the mere fact that the defendants panicked and discarded what later turned out to be contraband ought not to give rise to an after-the-fact contention that the officer was going to stop the vehicle “as a pretext for a warrantless search”. Suppose the arresting officer did intend to secure evidence of a more serious crime when he attempted to stop the defendant’s vehicle for a minor traffic violation. The fact is the so called pretextual stopping never occurred in the instant case. Moreover, what difference should it make as to the motive of the arresting officer; instead, what ought to be examined is “the conduct of the accused” giving rise to the ultimate detention and search. State v. Holmes, Fla.App.1971, 256 So.2d 32.
It seems to me to suppress the evidence under the instant circumstances requires us to strain our Constitution “through a filament of unrealistic exactitude”. See Mattier v. State, Fourth District Court of Appeal, 301 So.2d 105. What the state and federal Constitutions forbid is not all searches and seizures but only unreasonable searches and seizures; the Constitution *692 does not forbid the application of common sense in the detection of crime and the apprehension of criminals. State v. Holmes, supra.[1] As I indicated in Mattier v. State, supra, “ ‘there is no war between the Constitution and common sense.’ ”
In my humble opinion, it would have been sheer irresponsibility on the part of law enforcement to have failed to arrest the defendants based upon contraband thrown from the defendant’s moving vehicle. The conduct preceding the stopping of defendant’s vehicle and their ultimate arrest was neither illegal nor improper so as to necessitate the application of the so called “fruit of the poisonous tree doctrine”. See State v. Jackson, supra. I would reverse the trial court and quash the order of suppression with directions to the trial court to proceed in further prosecution of the cause.

. It is this same common sense test that is applied to determine the existence vel non of probable cause, i.’e., a determination “from . the facts and circumstances existing at the time viewed through the eyes of the arresting officer; that is, what a reasonable man, knowing all of the facts within the cognizance of the officer, would have believed under all the circumstances.” Porter v. State, Third District Court of Appeal, 302 So.2d 481; State v. Bell, Fla.App.1971, 249 So.2d 748; State v. Outten, Fla.1968, 206 So.2d 392; Salas v. State, Fla.App.1971, 246 So.2d 621; but see State v. Othen, Fla.App.1974, 300 So.2d 732.