317 So.2d 748 (1975)
STATE of Florida, Petitioner,
v.
Anthony Frank NITTOLO et al., Respondents.
No. 46642.
Supreme Court of Florida.
July 30, 1975.
Rehearings Denied October 1, 1975.
Robert L. Shevin, Atty. Gen., C. Marie Bernard, Asst. Atty. Gen., and John Scarola, Asst. State's Atty., for petitioner.
Donald P. Kohl and Richard W. Springer of Kohl, Springer, Springer and Vassallo, Charles W. Musgrove, West Palm Beach, Richard L. Jorandby, Public Defender, Bruce Zeidel and Maureen L. McGill, Asst. Public Defenders, for respondents.
ROBERTS, Justice.
This cause is before us on petition for writ of certiorari granted to review the decision of the District Court of Appeal, Fourth District, in State of Florida v. Nittolo, Hover and McKinnon, 303 So.2d 690 (Fla.App., 1974), which conflicts with State v. Gustafson, 258 So.2d 1 (Fla. 1972), affirmed 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973), and State v. Jackson, 240 So.2d 88 (Fla.App. 3, 1970). We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution (1973).
*749 Respondents were charged by information with possession of marijuana in excess of five grams. They moved to suppress the evidence to be used in this prosecution on the grounds that the search resulting in discovery of the evidence was pretextual, that the defendants were stopped on the pretext of a traffic violation in order to permit a search for evidence of an unrelated offense, and that the search and seizure was not incidental to a valid arrest. The motion to suppress the quantity of marijuana found in a cellophane bag that the arresting officer had seen thrown out the passenger side of the vehicle in which defendants were occupants, was granted by the trial court based upon the trial court's determination that the fruit of the poisonous tree doctrine was applicable because of illegal activity by police prior to contraband being thrown out the window, and the District Court affirmed without opinion with Judge Mager dissenting with opinion.
The factual basis relative to the arrest, search and seizure is as follows. In the instant situation, a police officer received word from his dispatcher about five o'clock in the morning to be on the lookout for a vehicle which was suspected of containing illegal narcotics or drugs. Apparently, a description of the vehicle was furnished to the police officer who was advised merely to observe the vehicle if located. Ultimately the police officer in question saw a vehicle fitting the description and followed it for a few blocks until it made a right turn on red at an intersection marked "No Right Turn on Red." After turning on his floodlights to illuminate the vehicle and his flashing blue light and while the cars were still moving, the officer observed something thrown from the passenger side of defendant's vehicle. The police officer stopped his vehicle to retrieve the object which turned out to be a cellophane bag containing marijuana; in the meantime, a fellow officer stopped the defendant's vehicle. The police officer who was originally in pursuit arrested the defendants after retrieving the substance and determining the same to be marijuana.
We agree with petitioner that the District Court erred in affirming the trial court's order suppressing the marijuana as illegally obtained on a pretextual traffic stop and would adopt the able dissenting opinion of Judge Mager, as follows:
"The evidence suppressed was a quantity of marijuana found in a cellophane bag that the arresting officer had seen thrown out the passenger side of the vehicle in which defendants were occupants. The order of suppression was based upon the trial court's determination that the `fruit of the poisonous tree doctrine' was applicable because of the `illegal' activity by the police prior to the contraband being thrown out the window.
"The courts have allowed the seizure of evidence `voluntarily abandoned' where no improper or unlawful act was committed by the law enforcement officers prior to such abandonment. State v. Jackson, Fla. App. 1970, 240 So.2d 88; Fletcher v. Wainwright, 399 F.2d 62 (5 Cir.1968). For example, in Fletcher, officers (without an arrest warrant, search warrant, or probable cause to arrest) while investigating a jewel theft, kicked in a hotel door to gain admittance causing one of the occupants to throw stolen jewelry out the window during the incident. The Fifth Circuit in Fletcher held, in part, that `since the initial entry was improper and the items were thrown out the window as a direct result of that illegality, the police were not entitled to the fruits and the admission of the jewelry in evidence ...'. But see State v. Jackson, supra.
"I am unable to find any similarity between the facts and the conduct of the officers in the case in question and those involved in the Fletcher case.

* * * * * *
"The conduct on the part of the police which the trial court found to be `illegal' *750 was `his (the police officer's) effort to stop the vehicle upon a pretext'. It is difficult to understand how a `pretextual stopping' occurred when the facts clearly demonstrate that the stopping did not take place until after the item thrown was discarded through the window of defendant's vehicle, picked up and determined to be marijuana. The incident never reached the stage of a pretextual arrest so as to necessitate a concern for the propriety of a search. Perhaps some argument might have been made that had the police officer stopped the vehicle for a minor traffic violation, i.e., turning right where prohibited, it would have been improper to perform a general search of the person and vehicle. But see State v. Gustafson, Fla. 1972, 258 So.2d 1, aff'd Gustafson v. Florida, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973). We need not indulge in such hypotheticals or speculative reasoning. The police officer was where he should have been, doing that which he was trained to do; and the mere fact that the defendants panicked and discarded what later turned out to be contraband ought not to give rise to an after-the-fact contention that the officer was going to stop the vehicle `as a pretext for a warrantless search'. Suppose the arresting officer did intend to secure evidence of a more serious crime when he attempted to stop the defendant's vehicle for a minor traffic violation. The fact is the so called pretextual stopping never occurred in the instant case. Moreover, what difference should it make as to the motive of the arresting officer; instead, what ought to be examined is `the conduct of the accused' giving rise to the ultimate detention and search. State v. Holmes, Fla.App. 1971, 256 So.2d 32.
"It seems to me to suppress the evidence under the instant circumstances requires us to strain our Constitution `through a filament of unrealistic exactitude'. See Mattier v. State, Fourth District Court of Appeal, 301 So.2d 105. What the state and federal Constitutions forbid is not all searches and seizures but only unreasonable searches and seizures; the Constitution does not forbid the application of common sense in the detection of crime and the apprehension of criminals. State v. Holmes, supra. As I indicated in Mattier v. State, supra, `there is no war between the Constitution and common sense.'
"... The conduct preceding the stopping of defendant's vehicle and their ultimate arrest was neither illegal nor improper so as to necessitate the application of the so called `fruit of the poisonous tree doctrine'. See State v. Jackson, supra." Cf. Mitchell v. State, 60 So.2d 726 (Fla. 1952).
Accordingly, the decision of the District Court is quashed and the cause is remanded for further proceedings consistent herewith.
It is so ordered.
ADKINS, C.J., and BOYD, OVERTON and ENGLAND, JJ., concur.