333 So.2d 91 (1976)
David Allen SMITH and Dennis S. Stone, Appellants,
v.
STATE of Florida, Appellee.
No. Y-526.
District Court of Appeal of Florida, First District.
June 7, 1976.
Rehearing Denied June 30, 1976.
*92 William R. Slaughter, II, Slaughter & Slaughter, Live Oak, for appellants.
Robert L. Shevin, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
BOYER, Chief Judge.
Pursuant to their pleas of nolo contendere, appellants received concurrent five year sentences for possession of marijuana with intent to sell and possession of cocaine. Their pleas were conditioned upon a reservation of a right to appeal the trial court's denial of their motion to suppress evidence. Appellants now claim on this appeal that the evidence used to convict them was obtained by means of an illegal arrest.
On the morning of January 29, 1975, J.W. Davis, an inspector at a State Agricultural Station on Interstate 10 near Live Oak, observed a Ryder rental van containing the two appellants passing the inspection station. Although there were signs for all trucks to stop at the station, the van did not. Mr. Davis attempted to stop the van by waving his hands, but the driver kept on going down the highway. Mr. Davis pursued the van in his state car and turned on his flashing blue light. After succeeding in stopping the van, Mr. Davis went to the back of the vehicle and asked the driver if he could check the load inside. When the driver gave a negative response, Mr. Davis told the appellants that they would have to go back to the inspection station. According to Mr. Davis, the driver agreed.
Mr. Davis led the way to the inspection station as appellants followed him in their van. By coincidence, a group of Ocala law enforcement officers, while on their way to a meeting in Tallahassee, fell in behind the van and noticed one of the appellants throw out burlap bags from the back. The Ocala officers followed the van to the inspection station and reported what they had seen. The bags were retrieved and were found to contain marijuana. Suwannee County Sheriff Robert Leonard was notified and proceeded to the inspection station. After searching the glove compartment of appellants' vehicle and finding a bag of marijuana in it, he placed appellants under formal arrest. When the appellants' vehicle was searched for inventory purposes, a small plastic bottle containing a substance identified as cocaine was discovered.
From the foregoing facts, appellants infer three significant conclusions. First, under the holding of Melton v. State, Sup. Ct.Fla. 1954, 75 So.2d 291, appellants assert that when Inspector Davis told appellants that they had to return to the inspection station with him, appellants were under "arrest". Second, appellants argue that said arrest was unlawful in that Inspector Davis had no authority, either express or implied, under F.S. 570.15 (1973) to arrest appellants.[1] Finally, appellants conclude that the evidence used to convict *93 them was the fruit of the unlawful arrest, and should therefore have been suppressed.
Assuming, without deciding, that appellants were arrested at the time Inspector Davis stopped them, and that the arrest was unlawful, we nevertheless conclude that appellants' convictions must be affirmed. It has been generally held that where there is no search, the constitutional guarantee against unlawful searches and seizures is not applicable. (29 Fla.Jur., "Search and Seizure", § 12) Sub judice, there was no search involved when appellants began throwing bags of marijuana from the back of their van. In a similar case, the Fourth District affirmed a conviction for possession of marijuana where a police officer unlawfully stopped the defendant who thereupon voluntarily tossed a vial of marijuana into a nearby waterway. The appellate court agreed with the trial court which reasoned that the tangible evidence had not been produced as a result of a search, but rather had been voluntarily abandoned by the defendant. (Riley v. State, Fla.App. 4th 1972, 266 So.2d 173). In the instant case, the abandonment of the bags of marijuana by appellants constituted sufficient probable cause to justify the subsequent warrantless search of appellants' vehicle. (Carroll v. U.S., 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), F.S. 933.19 (1975). See also Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1940)). The subsequent inventory search which revealed the small plastic bottle of cocaine was also valid. (State v. Cash, Fla.App. 1st 1973, 275 So.2d 605).
Affirmed.
RAWLS and McCORD, JJ., concur.
NOTES
[1] There is some authority for appellants' position on this point. F.S. 570.151 (1975) gives agricultural inspection station officers express authority to make arrests while F.S. 570.15 (1973) did not. See also the specially concurring opinion of Judge Rawls in Sindrich v. State, Fla.App. 1st 1975, 322 So.2d 589. It also appears that the vehicle which Inspector Davis was driving unlawfully displayed a flashing blue light. See F.S. 316.223 (1973).