362 So.2d 989 (1978)
Manuel Jose FREYRE, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1267.
District Court of Appeal of Florida, Third District.
September 19, 1978.
Rehearing Denied October 20, 1978.
*990 Engel, Aronson, Fried & Cohn, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Margarita G. Esquiroz, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and KEHOE, JJ.
KEHOE, Judge.
Appellant, defendant below, was charged by an information with robbery and unlawful possession of a firearm while engaged in a criminal offense. After a jury trial, verdicts of guilty were rendered on both counts. Thereafter, the trial court entered a judgment of conviction and sentenced appellant to twenty-five years in the state prison, without eligibility of parole for three years, to be followed by seven years probation. From this judgment and sentence, appellant appeals. We affirm.
We have very carefully reviewed each of the points raised by appellant on appeal and find them to be without merit. However, we feel that one of the points raised by appellant does merit some discussion.
Prior to the jury trial in this cause, appellant made a motion to suppress certain physical evidence which was denied by the trial court. One of the arguments advanced by appellant at the hearing on his motion to suppress was that there was an illegal search and seizure of certain physical evidence which ultimately led to his conviction. The pertinent facts relating to this contention may be summarized as follows: On several occasions an automobile owned by appellant's co-defendant below [not a party to this appeal] was observed by the police circling several Burger King and McDonald restaurants. Because of a pattern *991 of robberies at these restaurants, they were under surveillance by the police. As a part of their investigatory efforts, the police had observed appellant, along with his co-defendant, as an occupant of the car. Also, they had learned the address of the co-defendant. Because of this investigation, a court order was obtained permitting the installation of an electronic transmitter on the car. Near midnight on June 15, 1976, a robbery was reported at a McDonald's restaurant located at 7208 S.W. 8th Street. At the time of the robbery, one of the officers who had been involved in the investigation and whose car was equipped with a receiver for the transmitter was driving westbound on S.W. 8th Street at about 62d Avenue. The officer, who was aware of the home address of the co-defendant, responded to the police broadcast of the robbery by proceeding toward co-defendant's address by traveling northbound on Palmetto Expressway. Shortly thereafter, the officer received a transmitter signal from co-defendant's car and within a matter of seconds sighted the car. Pursuant to a police call for assistance, a Florida Highway Patrol (F.H.P.) car started following co-defendant's car. Thereafter, the F.H.P. directed the car to pull over and stop. The car continued down the highway during which time the other officer observed the passenger in the car "throwing things out of the window." All of these "things" were thrown out of the car while it was still moving and before it finally stopped some distance down the highway. These "things" were the physical evidence which the appellant sought to have suppressed.
In response to the contention of appellant which we have chosen to discuss, we adopt the reasoning of those cases which hold that it is not a search or seizure within the meaning of the Fourth Amendment to the United States Constitution and Article I, Section 12, Florida Constitution, for the police to seize property which a person has abandoned in an area where he has no reasonable expectation of privacy, e.g., strewn all over the highway as in the instant case. See, e.g., Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924); Jones v. State, 332 So.2d 615 (Fla. 1976); State v. Nittolo, 317 So.2d 748 (Fla. 1975); State v. Jackson, 240 So.2d 88 (Fla. 2d DCA 1970); State v. Padilla, 235 So.2d 309 (Fla. 3d DCA 1970); and Holliday v. State, 104 So.2d 137 (Fla. 1st DCA 1958). We are aware of those cases which seem to limit the application of this principle to those situations in which the abandonment was considered voluntary. See, e.g., State v. Nittolo, 317 So.2d 748 (Fla. 1975); Kraemer v. State, 60 So.2d 615 (Fla. 1952); Stanley v. State, 327 So.2d 243 (Fla. 2d DCA 1976); State v. Jackson, 240 So.2d 88 (Fla. 3d DCA 1970). The question of voluntariness must, of course, be determined by the facts of each case. Even where an illegal search has taken place, we believe that there are factual situations which may support a finding that there is an insufficient nexus between the illegal search, e.g., by an unlawful, police stopping, detention, or arrest, and a subsequent abandonment of the evidence seized to call such an abandonment involuntary. See, e.g., Smith v. State, 333 So.2d 91 (Fla. 1st DCA 1976); and Riley v. State, 266 So.2d 173 (Fla. 4th DCA 1972). Although in the instant case it is our opinion that the abandonment was clearly voluntary and not compelled by any unlawful police activity, even assuming arguendo that the stopping was improper, as contended by appellant, we would be of the opinion that, based on the facts of this case, the nexus between any police impropriety and the ultimate seizure of evidence was so remote as to negate a finding of an involuntary abandonment. In the light of this determination, we are further of the opinion that, based upon the principles set forth above, because of the voluntary abandonment no illegal search and seizure question is presented. Accordingly, appellant's other contentions in this regard are without merit.
In conclusion, we feel that the trial court acted properly in denying appellant's motion to suppress and that appellant has failed to show the merits of his other points *992 on appeal; therefore, the judgment and sentence appealed are affirmed.
Affirmed.