SCHWARTZ, Judge.
The state appeals from an order suppressing evidence in a case in which the defendant Washington was charged with burglary of a conveyance and grand theft. The record shows that an officer in a patrol ear saw Washington walking out of motel parking lot and down Biscayne Boulevard at about 5:45 in the morning. He was carrying a brown paper bag, a tool box and a television set. The officer, City of Miami patrolman Arthur Serrick, drove around the block; when he returned to the area, Washington was not there. A few seconds later, however, Serrick saw the defendant emerge from an alleyway with nothing in his hands. After he had stopped Washington a few feet away and put him in the back seat of his vehicle, the officer walked down the alley and found the items in question under a bush about 10 feet from the street. It developed that they had been taken from a burglarized van a short time before.
Under these circumstances the TV set, tool box, and paper bag with its contents should not have been suppressed. While the trial court considered that they had been seized pursuant to what it found was an unlawful detention, it is clear, as the appellee concedes, that the propriety of Ser-rick’s stop of the defendant is essentially irrelevant to the issue before us. This is so because it was established that Washington, totally without reference to any police activity which was either threatened or actually undertaken, had voluntarily abandoned the property in a place in which he plainly had no reasonable expectation of privacy. Thus, their discovery and retrieval by the police did not amount to a Fourth Amendment search or seizure at all. As was said in the controlling case of State v. Oliver, 368 So.2d 1331, 1335 (Fla. 3d DCA 1979): *1217 It is not a search . . . for the police to retrieve property which a defendant has voluntarily abandoned in an area where he has no reasonable expectation of privacy, Freyre v. State, 362 So.2d 989, 991 (Fla. 3d DCA 1978), as where a person discards property (a) in the open fields while being pursued by the police, Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924), or (b) in the public street either prior to an attempted police stop, Mitchell v. State, 60 So.2d 726 (Fla.1952); Holliday v. State, 104 So.2d 137 (Fla. 1st DCA 1958); State v. Jackson, 240 So.2d 88 (Fla. 3d DCA 1970), or after such a stop has been attempted or completed, State v. Nittolo, 317 So.2d 748 (Fla.1975); State v. Padilla, 235 So.2d 309 (Fla. 3d DCA 1970) ... the police seizure of such evidence does not invade a reasonable expectation of privacy belonging to the person in question. In each case, the person has made a voluntary decision to avoid a police search by discarding evidence in an area where he has no Fourth Amendment protection. As a consequence, he cannot later claim that, notwithstanding his conduct, he was the victim of a police search as to the evidence he discarded, [e.s.]
The order under review is therefore reversed and the cause remanded with directions to deny the motion to suppress.
Reversed and remanded.