402 So.2d 19 (1981)
The STATE of Florida, Appellant,
v.
Virchus Dane TILLMAN, Appellee.
No. 80-2269.
District Court of Appeal of Florida, Third District.
June 30, 1981.
Rehearing Denied August 25, 1981.
Jim Smith, Atty. Gen. and Calianne P. Lantz, Asst. Atty. Gen., for appellant.
Carl L. Masztal, Miami, for appellee.
Before BARKDULL and FERGUSON, JJ., and MELVIN, WOODROW M. (Ret.), Associate Judge.
PER CURIAM.
The State appeals an order of suppression. The State concedes that the findings in the trial court's order concerning the illegality of the initial stop of the defendant are correct, and that the trial court acted properly in suppressing the fingerprint evidence actually seized during the course of the stop and detention. The trial court's order also suppressed the defendant himself *20 and does not specify whether its suppression of "fingerprints" and "fingerprint standards" applies to latent or standard fingerprints, which were obtained prior to the defendant's illegal stop and detention, or to new standards which may be sought by the State pursuant to Fla.R.Crim.P. 3.220(b)(1)(iii).
An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution nor as a defense to a valid charge. United States v. Crews, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980); Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); Ker v. Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1836). The defendant himself is not considered as suppressible fruit and the illegality of his initial stop and detention by the Public Safety Department officers and detectives does not deprive the State of an opportunity to prove his guilt through evidence which is not tainted by police misconduct. See: United States v. Crews, supra.
The fingerprint standards, which were taken from the defendant on the field strip during the course of his illegal stop and detention, were properly suppressed. However, so much of the order which suppresses the defendant's "fingerprints" and "fingerprint standards" is too broad and should not include pre-existing latent fingerprints or fingerprint standards which are obtained independent of the illegal stop, whether they are currently in existence or will be taken in the future.
The order also should not suppress the latent fingerprints which were taken from the scene of the burglary and grand theft in the instant cause. The defendant does not have standing to suppress the latent prints which were taken from the victim's property. The defendant has not shown that he had any reasonable expectation of privacy or interest of possession or ownership in the premises from where the latent fingerprints were lifted. See: Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 386 (1978); United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619, (1980); Mixon v. State, 51 So.2d 190 (Fla. 1957); Brown v. State, 245 So.2d 68 (Fla. 1971). The police had lawfully obtained the latent prints from the crime scene prior to the defendant's illegal stop and detention. The latents in the instant case were, in fact, matched to already existing fingerprint standards of the defendant. Since the illegally obtained fingerprints taken on the field strip were not the only link between the defendant and the burglary and grand theft in the instant cause, it is clear that routine investigatory procedure would have led to the inevitable link between the defendant and the instant crimes. See: United States v. Calandra, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1978).
The exclusionary rule enjoins the government (or State) from benefiting from evidence it has unlawfully obtained; it does not reach backward to taint information that was in official hands prior to any illegality. United States v. Crews, supra. Also see: State v. Traas, 343 So.2d 1294 (Fla.2d DCA 1977); State v. Jackson, 240 So.2d 88 (Fla.3d DCA 1970).
Therefore, so much of the order under review that suppresses more than the fingerprints taken on the "field strip" is reversed.
Affirmed in part, reversed in part.