411 So.2d 963 (1982)
The STATE of Florida, Appellant,
v.
Randy FERGUSON, Appellee.
No. 80-2147.
District Court of Appeal of Florida, Third District.
March 30, 1982.
Jim Smith, Atty. Gen. and Steven R. Jacob, Asst. Atty. Gen., for appellant.
Paul Morris, Miami, for appellee.
Before HUBBART, C.J., and SCHWARTZ and JORGENSON, JJ.
PER CURIAM.
We have for review an order of the trial court suppressing certain statements made by the defendant Randy Ferguson to the police. The sole basis for suppressing the statements was the trial court's determination that: (1) the statements constituted "the direct product of a confrontation between the defendant and the written confessions obtained by co-defendants Sands *964 and Thomas," and (2) "the statements of the co-defendants were illegally obtained" in that (a) "the statement of Sands was the fruit of the execution of a fatally defective search warrant," and (b) "[t]he statement of Thomas was the fruit of an arrest in violation of Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), and the principles enunciated therein." In short, the trial court below suppressed the defendant's statements because they constituted the fruit of confessions obtained from third parties by the police in violation of the said third parties' Fourth Amendment rights.
We are compelled to reverse the order under review, because, concededly, the police at no time violated the Fourth Amendment rights of the defendant  only, allegedly, the Fourth Amendment rights of third parties. The law is well-settled that "`suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence. Coconspirators and co-defendants have been accorded no special standing.'" Brown v. State, 245 So.2d 68, 74 (Fla. 1971), quoting with approval from Alderman v. United States, 394 U.S. 165, 171-72, 89 S.Ct. 961, 965, 22 L.Ed.2d 176 (1969); see also United States v. Salvucci, 448 U.S. 83, 87 n. 4, 100 S.Ct. 2547, 2551 n. 4, 65 L.Ed.2d 619 (1980); United States v. Payner, 447 U.S. 727, 731, 100 S.Ct. 2439, 2443, 65 L.Ed.2d 468 (1980); Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); Morales v. State, 407 So.2d 321 (Fla. 3d DCA 1981); St. John v. State, 400 So.2d 779, 780 (Fla. 1st DCA 1981). As such, the defendant Ferguson herein had no standing to complain that the police allegedly violated the Fourth Amendment rights of Sands and Thomas; and, as the police, concededly, did not violate the defendant's Fourth Amendment rights, it follows that the trial court committed reversible error in suppressing the said defendant's statements to the police based on Fourth Amendment grounds. The order under review is, accordingly, reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.