SCHWARTZ, Judge.
The order of suppression is reversed in its entirety both because (a) notwithstanding they may not have been justified in arresting the defendant Torres for loitering and prowling, as they announced, see Thomas v. State, 395 So.2d 280 (Fla. 3rd DCA 1981), the apprehending police officers had founded suspicion to support his being temporarily detained until the victim of an attempted armed robbery arrived and identified him, State v. Delgado, 402 So.2d 41 (Fla. 3rd DCA 1981); Franklin v. State, 374 So.2d 1151 (Fla. 3rd DCA 1979), cert. denied, 388 So.2d 1113 (Fla.1980), after which there was probable cause for arrest; and (b) none of the matters involved in the order below— Torres’ fingerprint standards and those found at the scene of the offense, see State v. Tillman, 402 So.2d 19 (Fla. 3rd DCA 1981); a firearm discarded by his co-defendant as they were being stopped, see, State v. Ferguson, 411 So.2d 963 (Fla. 3rd DCA 1982); and the victim’s incourt identification, see United States v. Crews, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980); State v. Tillman, supra; State v. Maier, 378 So.2d 1288 (Fla. 3rd DCA 1979) — was the product of or legally related to the initial stop and therefore should not have been suppressed even if that detention were deemed invalid.
Reversed.