PER CURIAM.
The state appeals the trial court's granting of a motion to suppress evidence seized from appellee’s purse and from the persons of two other individuals. The issue of the correctness of the search of persons other than the appellee is not appropriately addressed here, as those persons were not parties to the proceeding below, or here, *213 and therefore there is no party before the court with standing to complain. Granting the appellee standing to complain, based upon the violation of rights of third persons, was error. Therefore, we reverse and remand.
The findings of fact as stated by the trial court in its order granting appellee’s motion to suppress are as follows:
The facts of the case are simple and undisputed. The policemen involved are both very competent officers and candid witnesses. The two officers circled the parking lot of the Lakeland Civic Center 15 minutes after the scheduled beginning of a rock concert. They observed a woman and two girls in their late teens at the rear of a vehicle while other adults were exiting the vehicle. The woman handed each of the girls something. The officers could not see what the items were but said they were not large enough to be a ticket or stick of chewing gum. Suspecting the items to be narcotics, the officers hurried to the group. As they did, one of the girls placed something in her mouth. The officers retrieved the items from the hand of one girl and the mouth of the other. As the items appeared to be quaa-ludes, the officers arrested the woman for delivery of the contraband. She wished to take her purse with her to the jail. The officers, therefore, inspected her purse and found additional illegal drugs.
Under these facts as found by the trial court, the appellee had no standing to complain of the search conducted upon the persons of the other two individuals. United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); Bakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387, reh’g denied 439 U.S. 1122, 99 S.Ct. 1035, 59 L.Ed.2d 83 (1978). The officers did not violate the appellee’s fourth amendment rights. Therefore, appellee has no standing to complain that the officers violated the fourth amendment rights of third parties. State v. Ferguson, 411 So.2d 963 (Fla. 3d DCA 1982). “ ‘ * * * suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence. Coconspirators and codefendants have been accorded no special standing.’” Brown v. State, 245 So.2d 68, 74 (Fla.1971), quoting with approval from Alderman v. United States, 394 U.S. 165, 171-72, 89 S.Ct. 961, 965, 22 L.Ed.2d 176, reh’g denied 394 U.S. 939, 89 S.Ct. 1177, 22 L.Ed.2d 475 (1969).
Once the officers had seized what appeared to be “quaaludes” from the two girls after having observed the appellee give the items to the girls, they then had probable cause to arrest the appellee. The subsequent search of appellee’s purse incident to that arrest was, therefore, valid.
Accordingly, the order appealed from is REVERSED and the cause is REMANDED to the trial court for further proceedings.
HOBSON, A.C.J., and GRIMES and CAMPBELL, JJ., concur.