431 So.2d 1009 (1982)
The STATE of Florida, Appellant,
v.
George Henry EICHER and George Parmley Eicher, Appellees.
No. 82-167.
District Court of Appeal of Florida, Third District.
November 23, 1982.
On Rehearing May 10, 1983.
Jim Smith, Atty. Gen., and Calianne P. Lantz, Asst. Atty. Gen., for appellant.
Richard Hersch, Miami, for appellees.
Before HENDRY, BASKIN and FERGUSON, JJ.
On Rehearing En Banc May 10, 1983.
PER CURIAM.
Affirmed.
FERGUSON, Judge (dissenting).
There is no dispute as to the pertinent facts. The defendants were approached by an undercover police officer who offered to sell them property represented to be stolen. *1010 After negotiations the defendants purchased four power tools and paid the officer fifty dollars  a price substantially lower than the market value of the items. At some later date the officer returned to the home of the defendants without a warrant and seized the tools  a search and seizure the state now concedes to have been unlawful. Defendants were charged, pursuant to Section 812.019, Florida Statutes (1979), with dealing in stolen property. The scope of the trial court's exclusion of evidence is the basis for this review. The "Order Denying Admissibility of State's Evidence" reads:
1. The Court has granted the defendants' Motion to Suppress tangible evidence based upon the fact that the police had not obtained a search warrant and the Court's finding that the defendants' consent to the search was not freely and voluntarily given due to the coercive nature of certain actions of the police.
2. The evidence found during the search and suppressed by the Court's order consists of certain power tools, namely: (1) a bench grinder (2) an electric drill (3) a belt sander (4) an automobile systems analysor [sic], which the State has alleged by Information as the subject of the charges of Trafficking in Stolen Property pending in this action.
3. Notwithstanding the suppression of such evidence the State has announced its intention to prosecute this case and has made an offer of proof that the defendants, prior to their arrest and prior to the time of any alleged misconduct on the part of the police, in fact purchased said power tools from an undercover police officer under circumstances which indicate that the defendants knew or should have known that said power tools were stolen and that accordingly defendants endeavored to traffic in stolen property.
It is ORDERED AND ADJUDGED that the foregoing proof offered by the State is denied since it is the Court's Ruling that the State's witnesses may not make any reference whatsoever to the existence disposition [sic], sale, or delivery of said power tools or any other reference whatsoever, at any point in time, specifically included all times prior to the arrest of the defendants.
The State challenges the propriety of the order insofar as it suppresses evidence obtained by the police prior to any illegality. Appellee replies (1) Florida Rules of Appellate Procedure 9.140 does not permit an appeal from the Order Denying Admissibility of State's Evidence because it is not an order of suppression, (2) the court correctly found the evidence obtained prior to any illegality to be tainted by subsequent illegal police activity.
It is impossible to ascertain which of the appellees' arguments is the basis for the Per Curiam affirmance but, in my opinion, neither has merit. This court has recently held that the rule of appellate procedure which limits matters which may be appealed as of right by the State before trial is not a bar to discretionary review by the appellate court, and where certiorari jurisdiction otherwise exists,[1] a pretrial order excluding evidence which has the effect of substantially impairing the ability of the State to prosecute its case is subject to review. State v. Steinbrecher, 409 So.2d 510 (Fla. 3d DCA 1982).
This court has also held recently that the exclusionary rule which enjoins the state from benefitting from evidence it has unlawfully obtained does not reach backward to taint information that was in official hands prior to any illegality. State v. Tillman, 402 So.2d 19 (Fla. 3d DCA 1981), citing United States v. Crews, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980).
*1011 I would treat the appeal as certiorari,[2] quash the order under review, and remand for further proceedings.

ON REHEARING EN BANC
Before SCHWARTZ, C.J., and HENDRY, BARKDULL, HUBBART, NESBITT, BASKIN, DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
The majority opinion of the original panel, filed November 23, 1982 is withdrawn.[1] For the purpose of jurisdiction, we treat the "Order Denying Admissibility of State's Evidence" as an order suppressing evidence, from which the state may take an appeal. Fla.R.App.P. 9.140(c)(1)(B). In all other respects, the dissenting opinion is adopted as the opinion of the en banc court.
Reversed and remanded for further proceedings.
BASKIN, Judge (specially concurring).
The primary purpose of the exclusionary rule is "to deter future unlawful police conduct and thereby effectuate the guarantee of the Fourth Amendment against unreasonable searches and seizures... .", United States v. Calandra, 414 U.S. 338, 347, 94 S.Ct. 613, 619-20, 38 L.Ed.2d 561 (1974), such as the admittedly flagrant violation of Fourth Amendment rights presented by this case. In Silverthorne Lumber Co. v. United States, 251 U.S. 385, 392, 40 S.Ct. 182, 183, 64 L.Ed. 319, 321 (1920), however, the Court stated:
The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the court, but that it shall not be used at all. Of course this does not mean that the facts thus obtained become sacred and inaccessible. If knowledge of them is gained from an independent source they may be proved like any others, but the knowledge gained by the government's own wrong cannot be used by it in the way proposed.
As I understand the majority opinion, suppression of the evidence precludes the admission of all statements or other references to the suppressed items pertaining to events occurring after the illegal search and seizure. Subject to that limitation, I concur.
NOTES
[1] The requirements for certiorari review exist because: (1) Exclusion of the negotiations and transactions which preceded the illegality, in light of suppression of the physical evidence, will in all likelihood result in an acquittal and since the state cannot appeal an erroneous pretrial evidentiary ruling after acquittal it has no adequate remedy at law, (2) the Court's ruling which recognizes a "relating-back" of an illegal search to taint prior lawfully obtained evidence constitutes a departure from the essential requirements of the law. In the Interest of J.S., 404 So.2d 1144 (Fla. 5th DCA 1981).
[2] If a party seeks an improper remedy, the cause shall be treated as if the proper remedy has been sought, ... Fla.R.App.P. 9.040(c).
[1] The Per Curiam affirmance of the trial court's order conflicts with this court's opinion in State v. Tillman, 402 So.2d 19 (Fla. 3d DCA 1981). We granted the state's motion for rehearing en banc as necessary to maintain uniformity in decisions. Fla.R.App.P. 9.331(a).