## STATE OF FLORIDA v. TAYLOR,

Case No. 83-10698 CF A

Seventeenth Judicial Circuit, Broward Cty.

December 16, 1983

### APPEARANCES OF COUNSEL

**James De Hart** for plaintiff.

**H. Dohn Williams, Jr.,** for defendant.

### OPINION OF THE COURT

J. LEONARD FLEET, Circuit Judge.

### *EVIDENCE OBTAINED WITHOUT A SEARCH WARRANT*

Utilizing the facts recited by Broward County Deputy Sheriff Fred Jones in his Probable Cause Affidavit, which is contained in the official file of the court, Defendant has submitted a motion requesting the Court to suppress the alleged cocaine sought to be utilized by the State in the prosecution of this cause. The State of Florida has offered no other facts to the Court; consequently, the Court assumes that the

Probable Cause Affidavit of Deputy Jones is an accurate statement of the facts in this cause.

At an unknown time on October 13, 1983, but after dark, Deputy Jones was riding in his police unit in the vicinity of Allie's New York, New York Bar. He observed Mr. Taylor and a female standing adjacent to the outside wall of the bar passing objects back and forth between themselves. During the course of such activity, the female peered around the corner of the building, causing Deputy Jones to conclude that the two parties were engaged in surreptitious activity they did not wish to be observed by anyone else.

Deputy Jones turned off the headlights of his police unit and pulled up to the subjects under observation, at which time Mr. Taylor first attempted to conceal some objects in his hand; failing that, he then dropped the objects upon the ground. When he recovered the dropped objects, Deputy Jones found them to be three plastic "baggies" containing a white crystalline powder. When analyzed, the contents of the three "baggies" were determined to include cocaine. It is this substance, and the information gleaned therefrom, that Mr. Taylor seeks to have suppressed from use in his prosecution.

Before one may assert a claim under the Fourth Amendment of the United States Constitution, one must adequately demonstrate the possession of a legally recognized right to make such an assertion. The right to challenge a search and seizure is referred to as "standing", as that term has been defined by *United States v. Salvucci,* 100 S.Ct. 2547 (1980) and *Rawlings v. Kentucky,* 100 S.Ct. 2556 (1980) to mean that the complaining party had a legitimate expectation of privacy in the area searched. Florida is also expressly committed to the principles of "standing" as a prerequisite to the right to complain about an alleged violation of the Fourth Amendment of the United States Constitution. *Inchaustegui v. State,* 392 So.2d 319 (Fla. 4 DCA, 1980) cert. den. 402 So.2d 610 (Fla. 1981). For the reasons outlined below, the Court is of the opinion that Mr. Taylor is without the requisite "standing" to challenge the recovery by Deputy Jones of the three "baggies" from the ground.

If one abandons an item of personal property by discarding it in a public place, one divests oneself of any right to challenge the recovery thereof by law enforcement authorities. *Riley v. State,* 266 So.2d 173 (Fla. 4DCA, 1972) (vial thrown into canal after officer inquired as to the nature of a bulge in Defendant's pants); *Freyre v. State,* 362 So.2d 989 (Fla. 3DCA, 1978) (objects thrown out of window of automobile being followed by police); *State v. Davis,* 415 So.2d 82 (Fla. 4DCA,

1982) (on recognizing officer as narcotics agent, defendant began to flee and dropped a paper bag containing marijuana). In the matter now before the Court, it is clear that Mr. Taylor took an overt action to disassociate himself from the "baggies"; such affirmative action, coupled with the circumstances as set forth in Deputy Jones' Probable Cause Affidavit, convinces the Court that Mr. Taylor had legally abandoned the "baggies" when they were recovered by Deputy Jones.

The "area" that was "searched" by Deputy Jones, according to the Probable Cause Affidavit relied upon by Mr. Taylor in his Motion to Suppress, appears to have been an open lot, generally accessible to the public. This being the case, the Court fails to discern how the Fourth Amendment applies. The site where the encounter with Mr. Taylor occurred, and from which the "baggies" were retrieved by Deputy Jones, was not a constitutionally protected area. The "baggies", furthermore, once dropped by Mr. Taylor, were in "open view", as the term is defined in *Ensor v. State,* 403 So.2d 349 (Fla. 1981), and Deputy Jones was lawfully in a place where he had a right to be; this being true, no Fourth Amendment protections were available to Mr. Taylor, even if he had been able to demonstrate either "standing" or lack of abandonment.

The foregoing considered, the Motion to Suppress filed by Russell Taylor is here DENIED.

The Court has addressed the issued raised in Defendant's Motion to Suppress without benefit of an evidentiary hearing pursuant to the authority of F.R.Cr.P. 3.190 (h) (3).