PER CURIAM.
This criminal case was dismissed because the state supposedly altered evidence and/or committed a discovery violation. These alleged derelictions were not demonstrated even to have existed. See Valenzuela v. State, 426 So.2d 1294 (Fla. 3d DCA 1983). Assuming that they did, dismissal was a wholly inappropriate and excessive sanction. State v. Rodriguez, 483 So.2d 807 (Fla. 3d DCA 1986); State v. Del Gaudio, 445 So.2d 605 (Fla. 3d DCA 1984), pet. for review denied, 453 So.2d 45 (Fla.1984). The final order under review is therefore reversed.
To the extent that the trial court suppressed any evidence other than the particular items which were illegally seized, the order of suppression below is also reversed. State v. Tillman, 402 So.2d 19 (Fla. 3d DCA 1981); see State v. Eicher, 431 So.2d 1009 (Fla. 3d DCA 1983) (en banc).