# STATE OF FLORIDA v DOUGLAS

## Case Nos. 87-38484 and 87-13996

Eleventh Judicial Circuit, Dade County

March 24, 1988

### APPEARANCES OF COUNSEL

Assistant State Attorney **Schulman** for plaintiff.

Assistant Public Defender **Barraqe** for defendant.

### OPINION OF THE COURT

FRED MORENO, Circuit Judge.

THIS CAUSE came before the Court on a motion to suppress

evidence based on the illegality of the arrest of the defendant. The Court conducted an evidentiary hearing at which the arresting police officer and the defendant testified.

The officer testified that a confidential informer whom he has known for 4 years, who has made 6 cases for him, who is a homeless "junkie", and whose name, (first or last) the officer does not know, provided information alleging that the defendant dealt in drugs. On November 24, 1987, the officer spotted the defendant in what he believed was a drug deal and the defendant fled. The officer testified that he did not believe he had sufficient basis to arrest the defendant.

On the following day the officer sees the defendant acting in a way which he believed gave him probable cause to arrest her for loitering and prowling. The defendant was arrested, handcuffed, and placed in the back of the police car. The officer testified that he, while in the front seat, saw the defendant drop a bag of cocaine in the rear seat of the car *after* being handcuffed in the back. The State, which never filed loitering and prowling charges alleges that the defendant abandoned the contraband after the arrest and therefore the motion to suppress should be denied.

In *State v. Oliver,* 368 So.2d 1331 (3d DCA 1979), Judge Hubbart wrote that an improper stop did not taint the resulting seizure of abandoned marijuana. That case cited by the State however deals with a temporary stop that did not necessitate a search. In the instant case the defendant was arrested and handcuffed in the back of a police car when the alleged "abandonment" occurred. The police officers in the *Oliver* case "intended to stop and briefly question the defendant, rather than to arrest and search him." *Supra* at 1336. In the case at bar the arrest had been made, allegedly for loitering and prowling. The fact that controlled substances were obtained cannot after the fact justify an illegal arrest.

The temporary nature of the detention versus an actual custodial arrest distinguish the other cases cited by the State: *Riley v. State,* 266 So.2d 173 (4th DCA 1972) and *Smith v. State,* 333 So.2d 91 (1st DCA 1976).

Alternatively the State contends that objectively there was probable cause to arrest the defendant on both dates despite the officer believing that he did not have sufficient evidence on the first encounter and only evidence for a loitering and prowling on the second day. However, cases such as *State v. Hoover,* 13 FLW 561 (4th DCA, March 2, 1988) and *Cobb v. State,* 511 So.2d 698 (3d DCA 1987) have more suspicious activity than the instant case and yet the stops there were not justified.

**83**

The suspicious activities of the defendant, although evidently proven true subsequently, were insufficient to reach the required level of probable cause. The Court makes the necessary credibility findings to the detriment of the State regarding the testimony about the confidential informer. Without that there is only suspicion that the defendant dealt in drugs.

WHEREFORE, the Court is compelled to grant the motion to suppress. The arrest being illegal all evidence is suppressed and the defendant is discharged from the substantive offense and the paragraphs alleging violations of probation by committing substantive offenses.

DONE AND ORDERED this 24th day of March, 1988, in Miami, Florida.