536 So.2d 1037 (1988)
STATE of Florida, Appellant,
v.
Daniel LaSalla, Appellee.
No. 87-2447.
District Court of Appeal of Florida, Fourth District.
June 15, 1988.
On Motion for Rehearing February 1, 1989.
*1038 Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert S. Jaegers, Asst. Atty. Gen., West Palm Beach, for appellant.
Douglas N. Duncan of Cone, Wagner, Nugent, Johnson, Roth and Romano, P.A., West Palm Beach, for appellee.
PER CURIAM.
We affirm the trial court's grant of the motion to suppress. The removal of LaSalla's checked luggage from the airline terminal without probable cause or reasonable suspicion constituted an illegal search and seizure.
Police observed LaSalla enter the airport with two pieces of luggage and check in one suitcase at the airline desk. After LaSalla left the desk, police removed the suitcase from the airline's possession. Police then approached LaSalla and requested permission to search LaSalla's carry-on bag, which was granted. The search of the carry-on bag produced nothing to give rise to probable cause or reasonable suspicion. Police asked LaSalla if he had other luggage, and LaSalla responded, "No." At that point the checked suitcase was produced, LaSalla denied ownership, and the police proceeded to search the suitcase under an abandonment theory.
One may not challenge the search or seizure of property which one has freely and voluntarily abandoned. However, where law enforcement officers committed some improper or unlawful act prior to the abandonment, evidence obtained by the search or seizure is inadmissible. State v. Nittolo, 317 So.2d 748, 749 (Fla.), cert. denied, Hover v. Florida, 423 U.S. 1036, 96 S.Ct. 572, 46 L.Ed.2d 411 (1975).
In the instant case, the police randomly selected LaSalla for observation and questioning. Police then removed LaSalla's checked suitcase from the airline terminal. Since the luggage was removed without either probable cause or a reasonable suspicion, the removal was improper. United States v. Puglisi, 723 F.2d 779 (11th Cir.1984); United States v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983). Thus, the trial court's suppression of the evidence is affirmed.
AFFIRMED.
ANSTEAD, GLICKSTEIN and GUNTHER, JJ., concur.

ON MOTION FOR REHEARING
We clarify the opinion previously issued to the extent of reciting that the luggage was removed from the conveyor belt, not the terminal. Otherwise, we deny the motion.
*1039 ANSTEAD and GLICKSTEIN, JJ., concur.
GUNTHER, J., concurs in part and dissents in part with opinion.
GUNTHER, Judge, concurring in part and dissenting in part.
I agree with the majority that the motion for rehearing should be granted to clarify the opinion previously issued to indicate that the luggage was removed from the conveyor belt, not the terminal. However, in my view, our prior opinion affirming the trial court's order granting Daniel LaSalla's (LaSalla) motion to suppress evidence obtained through a warrantless, nonconsensual search and seizure should be withdrawn and an opinion reversing the trial court's order should be substituted.
The state contends the trial court erred in granting LaSalla's motion to suppress the cocaine seized by the police following an airport search of his checked luggage. The state claims that the evidence obtained through the search of LaSalla's luggage is admissible because LaSalla abandoned his luggage, and therefore, has no standing to challenge the search and seizure. LaSalla counters that the police committed an improper or unlawful act by removing his checked luggage from the airline's possession, and therefore, the evidence obtained following the abandonment of his luggage is inadmissible.
The state is correct in its assertion that one may not challenge the search or seizure of property which he has freely and voluntarily abandoned. Abel v. United States, 362 U.S. 217, 240-41, 80 S.Ct. 683, 698, 4 L.Ed.2d 668, reh'g denied, 362 U.S. 984, 80 S.Ct. 1056, 4 L.Ed.2d 1019 (1960). However, LaSalla is likewise correct in his assertion that where there was an improper or unlawful act committed by law enforcement officers prior to such abandonment, evidence obtained by the search or seizure is inadmissible. State v. Nittolo, 317 So.2d 748, 749 (Fla.), cert. denied, Hover v. Florida, 423 U.S. 1036, 96 S.Ct. 572, 46 L.Ed.2d 411 (1975). Thus, in the instant case, to find the evidence admissible, this court would have to conclude that the police did not commit an improper or unlawful act prior to LaSalla's abandonment of his luggage.
In the instant case, the police observed LaSalla enter the airport with two pieces of luggage and check in one suitcase at the airline desk. Shortly after LaSalla left the desk, and sixteen minutes before his scheduled departure, the police removed the suitcase from the airline's possession and placed it behind an adjacent counter.
As LaSalla walked to the departure area, he passed the police who were now standing approximately thirty-five feet from the counter where his checked luggage was placed. The police asked LaSalla if he would talk to them and he consented. They requested and LaSalla granted permission to search his carry-on bag. The search revealed nothing which gave rise to any probable cause or reasonable suspicion.
Next, the police asked LaSalla if he had other luggage, and LaSalla responded, "No." LaSalla's checked luggage, located thirty-five feet away, was then brought to the area where the police and LaSalla were conversing. When asked, LaSalla affirmatively denied ownership of the checked luggage. The police testified that this conversation between LaSalla and the police lasted roughly a minute and a half. The police, under an abandonment theory, then proceeded to search the checked luggage and found cocaine. Thereafter, LaSalla was charged with trafficking in cocaine.
The removal of LaSalla's checked luggage from the conveyor belt, and its placement behind the counter did not violate LaSalla's fourth amendment right. Such actions did not violate LaSalla's privacy interest in the contents of his luggage nor constitute an unreasonable seizure. See United States v. Goldstein, 635 F.2d 356 (5th Cir.), cert. denied, 452 U.S. 962, 101 S.Ct. 3111, 69 L.Ed.2d 972 (1981). The Goldstein court held that the police can remove a person's luggage from the airline's possession, place it to be more easily sniffed by a trained narcotics dog, and have the luggage sniffed by the dog. According to Goldstein, the removal of the luggage to facilitate a dog sniff was not a *1040 search within the meaning of the fourth amendment.
Although Goldstein permits law enforcement officers to remove checked luggage from the airline's possession, United States v. Puglisi, 723 F.2d 779, 788 (11th Cir.1984), teaches us that if a seizure of luggage impairs the freedom of the owner to continue unimpeded upon his travels, the fourth amendment is implicated. However, a "seizure of luggage with no deleterious effect on the air traveler," simply does not raise a fourth amendment issue. Puglisi, 723 F.2d at 787. The Puglisi court explained that the fourth amendment protects people, not places or things. Luggage, unlike a person, has no fourth amendment rights. Puglisi, 723 F.2d at 785. However, when a police seizure of an item impairs a person's possessory interest, the fourth amendment is implicated. Id.
If the police seize an air traveler's luggage, the seizure may be, for all practical purposes, tantamount to a seizure or even an arrest of the traveler himself. Puglisi, 723 F.2d at 786. A person may not be arrested without probable cause, however, nor may he be "stopped" against his will, for even a moment, without reasonable suspicion. Id. Because police seizure of an air traveler's luggage may effectively "stop" or even arrest the traveler, the fourth amendment applies to protect the traveler's reasonable possessory interest in his luggage. Id.
According to Puglisi, United States v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983), made clear that because the fourth amendment protects people, not things, courts should concern themselves with seizures of luggage only when those seizures impair the right of the possessor to freedom of movement with his luggage. Puglisi, 723 F.2d at 787. In airport luggage cases, the traveler's possessory interest would be impaired if the seizure of his luggage was tantamount to a seizure of his person, whether actually, because he could not leave without his luggage, or constructively, as in the cases of Place and Puglisi. Puglisi, 723 F.2d at 787.
Citing Place, the Puglisi court acknowledged that a person whose luggage is detained is technically still free to continue his travels or carry out other personal activities pending release of the luggage. Puglisi, 723 F.2d at 788. However, both Puglisi and Place stressed that such a seizure can nevertheless effectively restrain a person who is subject to the possible disruption of travel plans in order to remain with his luggage or arrange its return.
In distinguishing Goldstein, the Puglisi court explained that Goldstein's possessory interests were not impaired because he had surrendered control of the luggage to the airline for some four and one-half hours, and the removal and inspection took about four minutes. The Puglisi court said that the Goldstein inspection would not, in any way, have caused Goldstein or his luggage to miss or be late for the flight.
In Puglisi, the court recognized that the removal of Puglisi's luggage from the airline's possession was reasonable, but that it became a seizure because the freedom of the owner to continue unimpeded upon his travels was impaired. Thus, the fourth amendment was implicated in Puglisi. Under Puglisi, it was this brief seizure of luggage that interferes with the owner's freedom of movement, which must be based on a reasonable, articulable suspicion that a crime is being or soon will be committed. Puglisi, 723 F.2d at 788.
In the instant case, the state acknowledged that the police never had any probable cause or reasonable suspicion before they confronted LaSalla with his checked luggage. According to the state, none was needed. The state's position is that it is not unreasonable for the state to remove LaSalla's luggage from the airline's possession, transfer it a mere thirty-five feet to confront the defendant and ask the defendant if the luggage belongs to him.
It is important to note that LaSalla does not argue that his possessory interest in his luggage was impaired so that he was effectively dispossessed of his luggage. Nor does LaSalla assert that his freedom to travel was impaired. He also makes no *1041 claim that the encounter was a "stop" or an illegal detention or arrest. LaSalla only asserts that the removal of the checked luggage by the police was illegal conduct which renders his subsequent abandonment ineffective.
Since the removal of LaSalla's suitcase from the conveyor belt was not per se unlawful pursuant to Goldstein, and there was but a momentary removal of the suitcase which did not impair LaSalla's travel, cf. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983); Puglisi, 723 F.2d 779 (11th Cir.1984), I conclude that the police did not commit an improper or unlawful act prior to LaSalla's abandonment of his luggage. Thus, in my view, the trial court erred in granting LaSalla's motion to suppress. Accordingly, I would reverse the order granting the motion to suppress and remand to the trial court for further proceedings consistent with this opinion.